COX, CYNTHIA L., Associate Judge.
The Lerners entered into a real estate contract with Appellees. Pursuant to the contract, the Lerners paid Apppllees a deposit of $13,085. The Lerners also paid an additional $1,958.25 for extras, a microwave, tile upgrade, and a refrigerator, which they never received. When the Lerners failed to close on the house, the Appellees, by a letter dated January 15, 1992, notified the Lerners that their contract for sale and purchase was null and void, and their deposits had been forfeited and retained. Subsequently, the Lerners initiated action against Appellees for recovery of their deposits plus interest, and their attorney’s fees and costs. On December 15, 1997, the trial court entered a final judgment that declared the contract for sale and purchase null and void, awarded Appellees the deposit of $13,085, awarded the Lerners their deposit of $1,958.25, and required the parties to bear their own costs and attorney’s fees. On appeal, the Lerners seek the return of their $13,085 deposit, prejudgment interest on the $1,958.25, and their attorney’s fees and costs. We affirm the final judgment except we reverse the denial of prejudgment interest on the $1,958.25.
The Florida supreme court has held that when a verdict liquidates damages on a plaintiffs out-of-pocket pecuniary losses, plaintiff is entitled, as a matter of law, to prejudgment interest at the statutory rate from the date of the loss. Argonaut Ins. Co. v. May Plumbing Co., 474 So.2d 212, 215 (Fla.1985); see also Diversified Commercial Developers, Inc. v. Formrite, Inc., 450 So.2d 533, 535-36 (Fla. 4th DCA 1984). In First National Bank of Pompano Beach v. Joseph C. Mackey & Co., 330 So.2d 39 (Fla. 4th DCA 1976), this court found that it was error to omit, as part of the plaintiffs damages, interest on the debt from the date it was due. Id. at 40. As stated in Argonaut, “[p]laintiff is to be made whole from the date of the loss once a finder of fact has determined the amount of damages and defendant’s liability therefor.” 474 So.2d at 215.
Here, the Appellees breached the contract when they failed to refund the $1,958.25 on January 15, 1992, the date of termination. Therefore, the Lerners were entitled to their $1,958.25 deposit, plus prejudgment interest from that date, pursuant to section 55.03, Florida Statutes (1997).
Although the Lerners recovered their deposit of $1,958.25, the Appellees were the prevailing parties, since they recovered on the significant issues before the trial court. See Hutchinson v. Hutchinson, 687 So.2d 912 (Fla. 4th DCA 1997); Moritz v. Hoyt Enters., Inc., 604 So.2d 807 (Fla.1992).[1] Consequently, the trial court did not abuse its discretion in denying the Lerners their attorney’s fees and costs.
Accordingly, we reverse and remand for the trial court to amend its final judgment and award the Lerners prejudgment interest on the $1,958.25 at the statutory rate, from January 15, 1992 until paid, pursuant to section 55.03, Florida Statutes (1997).
AFFIRMED in part; REVERSED in part, and REMANDED.
WARNER, C.J., and STONE, J., concur.

. In applying the "net judgment rule” espoused in Prosperi v.Code, Inc., 626 So.2d 1360 (Fla.1993), the Appellees were still the prevailing parties.