868 So.2d 656 (2004)
SPRING LAKE IMPROVEMENT DISTRICT, Appellant,
v.
Sandra TYRRELL; Larry Ross; Boniface Deblasio; William D. Soman; GTL Investments, L.P., on behalf of themselves and all others similarly situated; and Tax Collector of Highlands County, Florida, Appellees.
No. 2D03-2198.
District Court of Appeal of Florida, Second District.
March 19, 2004.
*657 Donald E. Hemke of Carlton Fields, P.A., Tampa; and William J. Nielander, Lake Placid, for Appellant.
Robin Gibson and Kevin A. Ashley of Gibson, Valenti & Ashley, Lake Wales; and John K. McClure of John K. McClure, P.A., Sebring, for Appellees.
STRINGER, Judge.
Spring Lake Improvement District ("Spring Lake") seeks review of the trial court's orders (1) requiring Spring Lake to refund $384,786.06 in maintenance taxes and $76,258.62 in postjudgment interest to Sandra Tyrrell, Larry Ross, Boniface DeBlasio, William D. Soman, and GTL Investments, *658 L.P. ("the Landowners"), and (2) awarding the Landowners $97,671.62 in costs against Spring Lake. We reverse.
The trial court entered the orders on appeal on remand from our opinion in Spring Lake Improvement District v. Tyrrell, 814 So.2d 1077 (Fla. 2d DCA), review denied, 835 So.2d 271 (Fla.2002) ("Spring Lake I"). In Spring Lake I, this court reversed a final judgment ordering Spring Lake to refund $1,492,199.36 in maintenance and capital taxes and $1,213,435.61 in prejudgment interest on the refunds. This court held that (1) the Landowners could not recover any capital taxes; (2) the Landowners could not recover any prejudgment interest; and (3) the statute of limitations and laches limited the amount the Landowners could recover in maintenance taxes. Id. at 1080. The facts giving rise to the Landowners' suit are set forth more fully in Spring Lake I.
On remand from Spring Lake I, the trial court awarded the Landowners $384,786.06 in maintenance taxes plus postjudgment interest. Even though this court held that the Landowners were entitled to only those maintenance taxes assessed and paid since January 23, 1994, the trial court included maintenance taxes for 1990, 1991, 1992, and 1993 in its award. The court also assessed $97,671.62 in trial costs against Spring Lake.
On appeal, Spring Lake argues that the trial court erroneously included the maintenance taxes from 1990-1993 in its award based on this court's mandate. Spring Lake also argues that the trial court abused its discretion in assessing trial costs against Spring Lake because it was the prevailing party below. We find merit in both arguments and reverse.
In Spring Lake I, this court held:
Thus, because the affected landowners waited so long to seek relief, we conclude that the statute of limitations and the doctrine of laches bar them from recovering those taxes assessed for maintenance beyond the four-year period contained in section 95.11(3)(p), Florida Statutes (1997). Specifically, no maintenance tax paid prior to January 23, 1994, may be refunded. We affirm that part of the judgment ordering refunds of taxes paid for periods since that date.
814 So.2d at 1080 (citations omitted). The court later summarized its holding, stating, "[W]e affirm that part of the final judgment awarding a refund of the maintenance taxes paid for the four years prior to the filing date of this suit." Id. at 1081.
Instead of awarding refunds for maintenance taxes assessed and paid after January 23, 1994, the trial court awarded refunds for maintenance taxes paid after that date, even though they were assessed earlier. While such a holding could be parsed from single sentences in Spring Lake I, the context of the entire opinion makes it clear that the court intended to bar the Landowners from receiving refunds for taxes assessed and paid for the time period prior to January 23, 1994. Thus, we reverse and remand with directions for the trial court to reduce the award by the amounts paid for 1990, 1991, 1992, and 1993, plus the corresponding postjudgment interest.
On remand, the trial court also assessed trial costs against Spring Lake. Trial costs in this case are governed by section 57.041(1), Florida Statutes (2000), which provides that "[t]he party recovering judgment shall recover all his or her legal costs." Costs under this section are governed by the "prevailing party" standard as articulated in Moritz v. Hoyt Enters., Inc., 604 So.2d 807, 810 (Fla.1992). See J. Sourini Painting, Inc. v. Johnson Paints, Inc., 809 So.2d 95, 98 (Fla. 2d DCA *659 2002); Lerner v. Regency Homes, Inc., 745 So.2d 552, 553 (Fla. 4th DCA 1999); Mulato v. Mulato, 734 So.2d 477, 478-79 (Fla. 4th DCA 1999) (applying the Moritz "prevailing party" test to determine whether a party is entitled to trial costs). The "prevailing party" is the party that prevails on the "significant issues in the litigation." Moritz, 604 So.2d at 810. The trial court's determination of which party is the "prevailing party" is reviewed for an abuse of discretion. Id.
The underlying action in this case was an action seeking refunds of capital and maintenance taxes and prejudgment interest from the date of purchase in 1986. Spring Lake prevailed on its affirmative defenses that the statute of limitations and laches limited the Landowners' recovery of maintenance taxes, that the Landowners were barred from recovering capital taxes, and that the Landowners were precluded from recovering prejudgment interest. The Landowners ultimately will recover refunds of maintenance taxes assessed and paid from January 23, 1994. However, due to the success of Spring Lake's affirmative defenses, the Landowners will not recover refunds for maintenance taxes assessed between 1986 and January 23, 1994. They will likewise not recover any capital taxes or prejudgment interest. Thus, Spring Lake prevailed on the significant issues in this litigation and is the prevailing party for purposes of section 57.041(1). As noted by Spring Lake, the fact that the Landowners recovered something does not require the award of costs to them. See Prosperi v. Code, Inc., 626 So.2d 1360, 1363 (Fla.1993) ("The fact that the claimant obtains a net judgment is a significant factor but it need not always control the determination of who should be considered the prevailing party."). Accordingly, we reverse the award of $97,671.62 in trial costs to the Landowners. This holding renders moot the remainder of the issues raised by Spring Lake.
Reversed and remanded.
SALCINES and COVINGTON, JJ., Concur.