JACOBUS, J.
Robert Rossmore, the plaintiff in the underlying action, appeals a final judgment awarding attorney’s fees to the defendants, Benita Smith and Marie Laughlin. The basis for the award was Rossmore’s rejection of the defendants’ two offers of judgment, which they made pursuant to section 768.79, Florida Statutes, and Florida Rule of Civil Procedure 1.442(c)(3). Rossmore argues the award of attorney’s fees should be reversed because the offers of judgment were undifferentiated joint offers and therefore improper. We disagree and affirm.[1]
*681 Rossmore filed suit against Smith and Laughlin in 2007, alleging one count for breach of a certain contract. He sought damages in the amount of $20,000. While the suit was pending, Smith and Laughlin twice made offers of judgment to Ross-more. Both offers contained the same terms: Smith and Laughlin each agreed to contribute $50 to the settlement for a total of $100, and, upon acceptance, Rossmore was required to voluntarily dismiss the lawsuit with prejudice. Rossmore did not accept either offer. As a result, Smith and Laughlin later sought and recovered them attorney’s fees after they prevailed at trial.
Rossmore argues the award of fees was made in error. However, we reject his contention that the offer of judgment was improper. We do so for two reasons. First, the offer of judgment rule itself authorizes the use of a joint offer. It sets forth the requirements for such an offer as follows:
A proposal may be made by or to any party or parties and by or to any combination of parties properly identified in the proposal. A joint proposal shall state the amount and terms attributable to each party.
Fla. R. Civ. P. 1.442(c)(3). The offers of judgment made by Smith and Laughlin complied with these requirements, as well as the other general requirements found in the rule.
Second, the two cases relied upon by Rossmore are readily distinguishable. In Attorneys’ Title Insurance Fund, Inc. v. Gorka, 36 So.3d 646 (Fla.2010), the court held that where a joint offer of judgment is conditioned upon the mutual acceptance of all of the joint offerees, it is invalid. The court explained:
[T]his type of joint offer is invalid and unenforceable because it is conditioned such that neither offeree can independently evaluate or settle his or her respective claim by accepting the proposal. The conditional nature of the offer divests each party of independent control of the decision to settle, thereby rendering the offer of judgment invalid and unenforceable.
Id. at 649. The offer of judgment at issue in this case is not the type of offer disapproved in Gorka. Here, Rossmore was the sole plaintiff. The proposal was directed to him, and his decision to reject or accept the offer was not dependant on any other person. Therefore, the concerns discussed in Gorka are not present here. The supreme court’s decision in Lamb v. Matetzschk, 906 So.2d 1037 (Fla.2005), is likewise distinguishable. The plaintiff in Lamb made an undifferentiated offer of judgment directed to two defendants. The supreme court held the offer was invalid because it did not specify the amount attributable to each defendant, nor did it set forth an amount that the plaintiff would accept from each defendant. The situation here is different. The amount attributable to Smith and Laughlin individually was clearly set forth in the offer of judgment. This was not an undifferentiated offer of settlement or otherwise improper. In short, Rossmore had ample opportunity to evaluate the joint offer made to him, and he chose not to accept it.
Accordingly, we conclude that the offer of judgment in this case was valid and the award of attorney’s fees was appropriate. We therefore affirm the final judgment awarding attorney’s fees to Smith and Laughlin.
AFFIRMED.
EVANDER, J., and SCHWARTZ, A., Senior Judge, concur.

. There is nothing in the sparse record before us to support Rossmore’s other argument— that reversal is warranted because the offer of judgment was made in bad faith — and we reject it without further comment.