BY ORDER OF THE COURT.
The appellants’/cross-appellees’ motion for rehearing is granted, and the appel-lee’s/cross-appellant’s amended motion for clarification is denied. The prior opinion dated February 29, 2012, is withdrawn, and the attached opinion is issued in its place. No further motions for rehearing will be entertained.
EN BANC
CASANUEVA, Judge.
This appeal and cross-appeal arise from a contract dispute following the construction of a large addition to and remodeling of a historic residence owned by appellants/cross-appellees, Richard 0. Wolfe, II, and his wife, H. Michelle Wolfe. The ap-pellee/cross-appellant, Culpepper Constructors, Inc. (Culpepper), was the general contractor on the project. We affirm in part and reverse in part. We reverse, finding error in one of the two issues in the Wolfes’ main appeal and in one of the five issues in Culpepper’s cross-appeal; we affirm all other issues without further discussion. Furthermore, we go en banc to recede from this court’s holding in Spring Lake Improvement District v. Tyrrell, 868 So.2d 656 (Fla. 2d DCA 2004), which stated that an award of statutory costs is governed by the “prevailing party” standard.
I. The Case
Upon finishing the construction and remodeling project, Culpepper submitted a final invoice seeking payment of an outstanding balance of $91,261.65. The Wolfes refused to pay, claiming vast overcharges among other complaints, so Cul-pepper recorded a claim of lien against the property in the same amount as the final invoice. Culpepper then initiated a suit to foreclose the lien and also sought damages from the Wolfes for their alleged breach of the construction contract. The Wolfes counterclaimed, alleging various defenses including defective workmanship.
At trial, the jury determined that the reasonable value of the work due to Cul-pepper was $91,261.65, with prejudgment interest due since June 19, 2006. The jury also found for the Wolfes on some of their counterclaims. After recalculating the final judgment for set-offs and interest, Cul-pepper received an award of $9074.06.
II. Discussion
A. The Wolfes’ Offer of Judgment
We first review whether the Wolfes were entitled to an award of attorney’s fees and costs pursuant to their joint offer of judgment which Culpepper had rejected.
Section 768.79, Florida Statutes (2006), provides the basis for an award of attorney’s fees and costs when an offer or demand for judgment is not accepted and the statutory calculation formula is met.[1] Florida Rule of Civil Procedure 1.442 applies to all proposals of settlement authorized by Florida law; this term encompasses offers and demands for judgment, *1134 thereby providing the means for implementing the statutory right. Operating in tandem, the statute and the rule provide a sanction in the form of an award of attorney’s fees against a party who unreasonably rejects a properly made settlement offer. Willis Shaw Express, Inc. v. Hilyer Sod, Inc., 849 So.2d 276, 278 (Fla.2003).
As the courts of this state have noted with dismay, the statute and rule have not had their desired effect.
The expected result of the attorneys’ fee sanction was to reduce litigation costs and conserve judicial resources by encouraging the settlement of legal actions. See Sarkis v. Allstate Ins. Co., 868 So.2d 210, 218 (Fla.2003). The effect, however, has been in sharp contrast to the intended outcome because the statute and rule have seemingly increased litigation as parties dispute the respective validity and enforceability of these offers.
Attorneys’ Title Ins. Fund, Inc. v. Gorka, 36 So.3d 646, 650 (Fla.2010). Although the intent of the statute and rule were “to end judicial labor, not create more,” Lucas v. Calhoun, 813 So.2d 971, 973 (Fla. 2d DCA 2002), this intent has once again been defeated as shown by the circumstances of the case presently before us.
In denying the Wolfes’ claim, the trial court concluded that the offer of judgment was invalid because it was a joint offer that could only be accepted by Cul-pepper were Culpepper to dismiss its then pending claims against both Mr. and Mrs. Wolfe. Entitlement to attorney’s fees and costs under an offer of judgment is reviewed de novo. Jamieson v. Kurland, 819 So.2d 267, 268 (Fla. 2d DCA 2002).
Here, the Wolfes’ joint offer specifically stated that it was made to resolve all claims and counterclaims pending in the instant litigation. The settlement amount was $25,000, of which $12,500 would be paid by Mr. Wolfe and $12,500 by Mrs. Wolfe. To accept the $25,000 as the full amount due, including attorney’s fees and costs, Culpepper would have to dismiss all claims against both Mr. and Mrs. Wolfe with prejudice. Additionally, Culpepper would have to agree to discharge the claim of lien and notice of lis pendens filed against the real property. Culpepper rejected this offer of judgment and the final judgment in its favor was $9074.06, which is considerably less than $18,750, or twenty-five percent less than the $25,000 offer.
In Gorka, our supreme court gave litigants guidance in making a proposal for settlement by saying:
[W]e have drawn from the plain language of rule 1.442 the principle that to be valid and enforceable a joint offer must (1) state the amount and terms attributable to each party, and (2) state with particularity any relevant conditions. See Fla. R. Civ. P. 1.442(c)(3). A review of our precedent reveals that this principle inherently requires that an offer of judgment must be structured such that either offeree can independently evaluate and settle his or her respective claim by accepting the proposal irrespective of the other parties’ decisions. Otherwise, a party’s exposure to potential consequences from the litigation would be dependently interlocked with the decision of the other offerees.
36 So.3d at 650. Although Gorka does not control because it is factually distinguishable — it involved a single offeror and joint offerees — it does approve of joint offers that comply with the strictures of the statute and the rule.
“A proposal may be made by or to any party or parties and by or to any combination of parties properly identified in the proposal. A joint proposal shall state the amount and terms attributable to each *1135 party.” Fla. R. Civ. P. 1.442(c)(3). The Wolfes’ proposal for settlement was such a joint offer — $12,500 from each of them. See Willis Shaw, 849 So.2d at 278-79 (“A strict construction of the plain language of rule 1.442(c)(3) requires that offers of judgment made by multiple offerors must apportion the amounts attributable to each offeror”). And the Wolfes’ joint offer was made to but one offeree — Culpepper. It is Culpepper and Culpepper alone which had to decide whether to accept the joint offer-ors’ proposal for settlement. The trial court erred in concluding that the Wolfes’ offer was invalid per se because it was a joint offer conditioned on dismissing charges against both offerors. The Wolfes’ joint offer met all statutory and rule requirements to be valid. Cf. Andrews v. Frey, 66 So.3d 376, 378-79 (Fla. 5th DCA 2011) (holding that although only one offeror made two proposals separately to the two offerees but included another offeror in each proposal, the offer was not ambiguous and did not transform the proposals into joint offers and thus the offers were valid).
We find further support for our conclusion in Rossmore v. Smith, 55 So.3d 680 (Fla. 5th DCA 2011), which is factually indistinguishable. After being sued by Mr. Rossmore, the two defendants twice made offers of judgment to him. Each offer contained identical terms: each defendant agreed to contribute $50 toward a total settlement offer of $100. Upon acceptance, Mr. Rossmore was to voluntarily dismiss the lawsuit with prejudice. Mr. Rossmore did not accept either offer.
The Fifth District noted, “Rossmore was the sole plaintiff. The proposal was directed to him, and his decision to reject or accept the offer was not dependant on any other person.” Id. at 681. Thus, the Fifth District concluded that neither offer was an improper joint undifferentiated offer because “[t]he amount attributable to [each defendant] individually was clearly set forth in the offer of judgment.” Id.
Like the defendants’ offer in Rossmore, the Wolfes’ offer was not an undifferentiated offer of settlement or otherwise improper. Like Mr. Rossmore, Culpepper had an ample opportunity to evaluate the joint offer as it related to it alone, and it elected not to accept this valid offer. Therefore, the Wolfes are entitled to their attorney’s fees as it related to Culpepper’s invalid claim of lien that was dismissed early in the proceedings. Like the offerees in Andrews, 66 So.3d at 380, Culpepper “miscalculated the value of [its] claims in rejecting the proposal ] for settlement and must now pay the [Wolfes’] attorney’s fees and costs.”
B. Recovering Costs From The Losing Party Pursuant to Section 57.041
Culpepper contends that the trial court should have awarded it attorney’s fees and costs pursuant to either section 713.29, Florida Statutes (2006) (construction liens and fees statute),[2] its demands for judgment, or section 57.041(1), Florida Statutes (2006). We find merit only in the argument that the trial court erred in denying Culpepper costs pursuant to section 57.041. Section 57.041(1) provides that “[t]he party recovering judgment shall recover all his or her legal costs and charges which shall be included in the judgment. ...”
*1136 In 2004, this court construed and applied section 57.041(1) in Spring Lake, 868 So.2d 656, which the Wolfes rely upon to argue that the trial court did not err in denying Culpepper its fees and costs. We held in Spring Lake that the statutory language— “[t]he party recovering judgment shall recover all his or her legal costs” — meant that to recover costs, the party must meet the standard of a “prevailing party” as set forth in Moritz v. Hoyt Enterprises, Inc., 604 So.2d 807, 810 (Fla.1992).[3] Spring Lake, 868 So.2d at 658. On closer inspection, we conclude that the opinion in Spring Lake erred in applying Moritz to the situation there. Instead, we rely upon the plain language of the statute and the decision in Hendry Tractor Co. v. Fernandez, 432 So.2d 1315 (Fla.1983), to guide our conclusion that Culpepper is entitled to an award of its costs in this litigation.
In Hendry Tractor, the supreme court reviewed the operation of section 57.041(1), Florida Statutes (1979), which then, as now, provided that the party “recovering judgment” recover all legal costs and charges.[4] The court found the statute’s language to be clear. “The statute expressly demands that the party recovering judgment be awarded costs. This unambiguous language need not be construed. Rather, it should be applied as is to the given situation.” Hendry Tractor, 432 So.2d at 1316. In guiding the lower courts in the application of the statute, the court stated “that a plaintiff in a multicount personal injury action who recovers money judgment on at least one but not all counts in the cause of action, is the ‘party recovering judgment’ for purposes of section 57.041(1), Florida Statutes (1979), and therefore is entitled to recover costs.” Id.
The supreme court’s later opinion in Moritz is distinguishable from the instant case, and from Hend'ry Tractor, on its facts. In Moritz, cited as controlling in Spring Lake, the issue presented was the entitlement to attorney’s fees as a prevailing party — not costs. In Moritz, the court was reviewing a Fourth District holding that the defendant/home builder was entitled to attorney’s fees as the prevailing party under circumstances where the plaintiffs/home owners had breached the construction contract but were still entitled to a judgment for the majority of the funds held on deposit. 604 So.2d at 808. The court concluded, agreeing with Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983): “We agree that the party prevailing on the significant issues in the litigation is the party that should be considered the prevailing party for attorney’s fees.” Id. at 810. The opinion in Moritz addressed neither section 57.041(1) nor costs.
In addition to Moritz, Spring Lake relied upon an earlier opinion of this court, J. Sourini Painting, Inc. v. Johnson Paints, Inc., 809 So.2d 95, 98 (Fla. 2d DCA 2002). But the issues before the court in J. Souri-ni Painting were which party breached the contract, setoff, prejudgment interest and, as in Moritz, attorney’s fees. 809 So.2d at 98. J. Sourini Painting discussed Moritz only in the context of the question of who was the prevailing party, an issue hotly contested in the litigation *1137 there but not decided in the opinion because a new trial was ordered. Id. at 99.
Finding no authority to counter the plain language of section 57.041(1) and the supreme court’s decision in Hendry Tractor, we recede from our earlier holding in Spring Lake that determined that the prevailing party was entitled to costs under section 57.041(1) and follow instead Hen-dry Tractor. In doing so, we observe that this court is now aligned with the First District’s holding in Bessey v. Difilippo, 951 So.2d 992 (Fla. 1st DCA 2007). Cul-pepper is the party who recovered judgment and is thus entitled to an award of its costs.
III. Conclusion
The trial court erred in denying an award of fees to the Wolfes under their offer of judgment and an award of costs to Culpepper under section 57.041. In all other respects, we affirm the final judgment. Upon remand, the trial court shall hold the necessary hearing to determine the respective amounts due, if any.
Affirmed in part, reversed in part, and remanded for further proceedings in accord with this opinion.
SILBERMAN, C.J., and ALTENBERND, WHATLEY, NORTHCUTT, DAVIS, KELLY, VILLANTI, WALLACE, LaROSE, KHOUZAM, CRENSHAW, MORRIS, and BLACK, JJ., Concur.

. The relevant language of section 768.79(1) provides:
[I]f a defendant files an offer of judgment which is not accepted by the plaintiff within 30 days, the defendant shall be entitled to recover reasonable costs and attorney’s fees incurred by her or him or on the defendant's behalf pursuant to a ... contract from the date of filing of the offer if the judgment is one of no liability or the judgment obtained by the plaintiff is at least 25 percent less than such offer....

. Section 713.29 provides:
In any action brought to enforce a lien or to enforce a claim against a bond under this part, the prevailing party is entitled to recover a reasonable fee for the services of her or his attorney for trial and appeal or for arbitration, in an amount to be determined by the court, which fee must be taxed as part of the prevailing party’s costs, as allowed in equitable actions.

. The trial court had concluded, in denying costs to both the Wolfes and Culpepper that, based on each of them being awarded something, that neither was the "prevailing party.” We do not disturb that finding but, as we will explain, Culpepper was entitled to its costs pursuant to section 57.041.

. There is a minor, nonrelevant difference between section 57.041 in the 1979 and 2006 versions. Chapter 95-147, section 311, at 334, Laws of Florida, corrected gender specific language in the phrase "his legal costs” to the current phrase, "his or her legal costs.”