DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**HOANG DINH DUONG, M.D., RADIOLOGY ASSOCIATES OF HOLLYWOOD, P.A.** and **TRUCK INSURANCE EXCHANGE,**
Appellants,

v.

**OLIVIA ZIADIE,** as plenary guardian of the person and property of **FRANCIS ZIADIE,** incapacitated, **PHILIP ZIADIE** and **PAUL ZIADIE,**
Appellees.

No. 4D11-1492

[December 17, 2014]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Patti Englander Henning, Judge; L.T. Case No. 04-3336 26.

Erik P. Bartenhagen of Hicks, Porter, Ebenfeld & Stein, P.A., Miami, and Cindy L. Ebenfeld of Hicks, Porter, Ebenfeld & Stein, P.A., Hollywood, for appellants Hoang Dinh Duong, M.D. and Radiology Associates of Hollywood, P.A.

Bard D. Rockenbach, Andrew Harris and Adam J. Richardson of Burlington & Rockenbach, P.A., West Palm Beach, and Crane A. Johnstone of Sheldon J. Schlesinger, P.A., Fort Lauderdale, for appellees.

WARNER, J.

Following a jury verdict against the defendant/appellant Dr. Duong in a medical malpractice action, the plaintiff/appellee moved for an award of fees pursuant to a proposal for settlement. Dr. Duong claims that the proposal was ambiguous and that it was an improper "all or nothing" offer which did not allow him to settle the claims of individual plaintiffs, contrary to *Attorneys' Title Insurance Fund v. Gorka,* 36 So. 3d 646 (Fla. 2010). We reject Dr. Duong's claim that the cover letter accompanying the proposal for settlement made the proposal ambiguous. We also conclude that the all or nothing proposal made by multiple offerors to a single offeree is an acceptable proposal for settlement.

Olivia Ziadie, acting as guardian of her son Francis Ziadie, brought medical malpractice claims against Dr. Hoang Dinh Duong, M.D., Radiology Associates of Hollywood, P.A., and others. The complaint alleged that Dr. Duong had negligently attempted to stent Francis's carotid artery, causing permanent paralysis. Olivia sought damages for Francis's pain and suffering, medical expenses, and loss of earning capacity. She also sought damages for his children for permanent loss of his parental services, comfort, companionship, and society.

Olivia had been appointed his plenary guardian due to his incapacity. At the time the complaint was filed, Francis's children were minors. Thus, the complaint identified the plaintiff as: "OLIVIA ZIADIE, as plenary guardian of the person and property of FRANCIS ZIADIE, incapacitated, and for FRANCIS ZIADIE, as parent and legal guardian of PHILIP ZIADIE and PAUL ZIADIE, his minor children[.]"

Prior to trial, Olivia made a proposal for settlement. Dr. Duong received a letter notice of proposal together with a formal Proposal for Settlement. The formal proposal outlined to whom it was made and its terms, providing in pertinent part:

2. The party making the proposal is the Plaintiff, OLIVIA ZIADIE, as plenary guardian of the person and property of FRANCIS ZIADIE, incapacitated, and for FRANCIS ZIADIE, as parent and legal guardian of PHILIP ZIADIE and PAUL ZIADIE, his minor children.

3. The party to whom this proposal is made is the Defendant, HOANG DINH DUONG, M.D. only.

......

5. The total amount of this proposal is ONE MILLION AND 00/100 DOLLARS ($1,000,000.00), as follows:

- NINE HUNDRED THOUSAND AND 00/100 DOLLARS ($900,000.00) for OLIVIA ZIADIE, as plenary guardian of the person and property of FRANCIS ZIADIE, incapacitated;
- FIFTY THOUSAND AND 00/100 DOLLARS ($50,000.00) for PHILIP ZIADIE, the minor son of FRANCIS ZIADIE*;* and
- FIFTY THOUSAND AND 00/100 DOLLARS ($50,000.00) for PAUL ZIADIE, the minor son of FRANCIS ZIADIE.

......

2

9.   If there is a judgment of liability as to this Defendant, HOANG DINH DUONG, M.D., and if the Plaintiffs, OLIVIA ZIADIE, as plenary guardian of the person and property of FRANCIS ZIADIE, incapacitated, and for FRANCIS ZIADIE, as parent and legal guardian of PHILIP ZIADIE and PAUL ZIADIE, his minor children obtains a judgment against this Defendant for at least twenty-five percent more than the offer made in this proposal the Plaintiff will seek enforcement of sanctions against this Defendant for attorneys [sic] fees and costs . . .

Dr. Duong did not accept the proposal. At trial, a jury found Dr. Duong's negligence was seventy-five percent the cause of Francis's injuries, finding another doctor twenty-five percent responsible. After the court granted the defendants' motion for setoff it entered judgment as follows: (1) for Olivia, as guardian of Francis, $3,896,926 in economic damages and $6 million in non-economic damages; and (2) for each child, $172,000 in non-economic damages.

Olivia moved for attorney's fees pursuant to the proposal for settlement, as the award to each claimant exceeded by more than twenty-five percent the amount of the proposal for settlement as to each claimant. Dr. Duong claimed that the proposal was ambiguous because the cover letter did not spell out the exact terms contained in the proposal for settlement. Further, the proposal did not give Dr. Duong the opportunity to settle the individual claims but required him to settle all the claims together. He argued, "[A]n offer that requires acceptance of all plaintiffs' claims deprives the defendant of the ability to evaluate each of the plaintiff's claims and determine whether to settle one or all." He relied in part on *Attorney's Title Insurance Fund, Inc. v. Gorka*, 989 So. 2d 1210 (Fla. 2d DCA 2008), which found a proposal from one offeror to multiple offerees invalid, where the offer was conditioned upon it being accepted by all offerees.

The trial court granted the motion for fees, concluding that the offer was not ambiguous. It found that there was a singular plaintiff, Olivia, asserting claims on behalf of multiple claimants, and that the "all or nothing" offer was valid and unambiguous. After the court entered the order determining that the proposal was valid, Dr. Duong moved for reconsideration based on the Florida Supreme Court's ruling in *Attorneys' Title Insurance Fund v. Gorka*, 36 So. 3d 646 (Fla. 2010). *Gorka* held that a joint offer to multiple offerees, conditioned on acceptance by both offerees, was invalid because "[t]he conditional nature of the offer divests each party of independent control of the decision to settle, thereby rendering the offer of judgment invalid and unenforceable." *Id.* at 649.

3

The trial court denied relief, however, concluding that in this case there was but one plaintiff asserting claims on behalf of three claimants and one offeree, instead of multiple offerees as in *Gorka*. The court entered final judgment for appellees as to attorney's fees and costs, awarding them $557,452. Dr. Duong appeals this order.

The issue of whether an offer of settlement comports with Florida Rule of Civil Procedure 1.442 and section 768.79, Florida Statutes, is reviewed *de novo*. *Nationwide Mut. Fire Ins. Co. v. Pollinger*, 42 So. 3d 890, 891 (Fla. 4th DCA 2010).

Section 768.79, Florida Statutes (2002), and Florida Rule of Civil Procedure 1.442 are strictly construed as in derogation of the common law rule that parties are responsible for their own attorney's fees. *Campbell v. Goldman*, 959 So. 2d 223, 226 (Fla. 2007). Florida Rule of Civil Procedure 1.442 requires a proposal for settlement to, *inter alia*, "state with particularity any relevant conditions" and "state the total amount of the proposal and state with particularity all nonmonetary terms of the proposal." Fla. R. Civ. P. 1.442(c)(2)(C)-(D). This "requires that the settlement proposal be sufficiently clear and definite to allow the offeree to make an informed decision without needing clarification. If ambiguity within the proposal could reasonably affect the offeree's decision, the proposal will not satisfy the particularity requirement." *State Farm Mut. Auto. Ins. Co. v. Nichols*, 932 So. 2d 1067, 1079 (Fla. 2006).

Rule 1.442(c)(3) allows joint proposals under certain conditions: "A proposal may be made by or to any party or parties and by or to any combination of parties properly identified in the proposal. A joint proposal shall state the amount and terms attributable to each party." Subsection (c)(3) imposes a "bright line rule." *Cano v. Hyundia Motor Am., Inc.*, 8 So. 3d 408, 410-11 (Fla. 4th DCA 2009). It requires that "offers of judgment made by multiple offerors must apportion the amounts attributable to each offeror." *Willis Shaw Exp., Inc. v. Hilyer Sod, Inc.*, 849 So. 2d 276, 278 (Fla. 2003). Under the statute, a plaintiff who makes an unaccepted offer may recover such costs and fees if the plaintiff recovers an amount at least twenty-five percent greater than the plaintiff's offer. § 768.79(1), Fla. Stat. (2002).

We summarily reject Dr. Duong's contention that the cover letter constituted a separate proposal of settlement and made the two documents ambiguous. As the trial court found, the cover letter was not itself a proposal for settlement but merely a notice of the enclosed proposed settlement. Although it may be theoretically possible for the plaintiffs to have made two separate and conflicting proposals and

enclosed them in the same envelope, it is not substantively reasonable to assume that the letter was intended as a separate and conflicting proposal. *See, e.g., Alamo Fin., L.P. v. Mazoff*, 112 So. 3d 626, 630 (Fla. 4th DCA 2013) (finding that, while plaintiff's claimed ambiguity was "grammatically possible, it [was] substantively unreasonable" and was "clarified by reference to the proposal for settlement as a whole"). The Proposal for Settlement was clearly the operative document, and the letter is not inconsistent with that interpretation.

Dr. Duong contends that the Proposal for Settlement is itself ambiguous, because it refers to Olivia Ziadie in some places as the sole plaintiff and in other places refers to "plaintiffs." The trial court found that Olivia constituted the single plaintiff. At the time the proposal was made, Olivia was acting as legal guardian of Francis and in that capacity acting for the minor children. Therefore, she had authority to make the offer and settle all three claims. There is no ambiguity in the proposal as to which claims were covered by the proposal (Francis and his two children), the amount of the total proposal ($1,000,000), and the amount assigned to each claim ($900,000 to Francis and $50,000 to each child). *Cf. Arnold v. Audiffred*, 98 So. 3d 746, 749 (Fla. 1st DCA 2012) ("Here, while the first two paragraphs stated appellee Audiffred was the sole offeror, the proposal as a whole offered that both appellee Audiffred and appellee Kimmons would dismiss their claims against appellant upon appellant's acceptance. Therefore, the proposal was a joint proposal.").

Although the trial court may have erred in concluding that this was a single proposal rather than a joint proposal, the court correctly concluded that it was an appropriate "all or nothing" proposal to which *Gorka* did not apply. In *Gorka*, the Florida Supreme Court held, "[A] joint offer or proposal of settlement that is conditioned on the mutual acceptance of all joint offerees . . . is invalid and unenforceable because it is conditioned such that neither offeree can independently evaluate or settle his or her respective claim by accepting the proposal." 36 So. 3d at 647. The court found, "[t]he conditional nature of the offer divests each party of independent control of the decision to settle," and "a party's exposure to potential consequences from the litigation would be dependently interlocked with the decision of the other offerees." *Id.* at 649-50.

Unlike *Gorka*, which involved an offer to multiple *offerees* conditioned on acceptance of all the offerees, this case involves an offer to a single offeree, conditioned on that single offeree accepting the offer as to all of the multiple *offerors*. Since *Gorka* was issued in 2010, this court and other district courts have upheld this type of offer. *See Wolfe v. Culpepper Constructors, Inc.,* 104 So. 3d 1132, 1134 (Fla. 2d DCA 2012); *Rossmore v.*

5

*Smith*, 55 So. 3d 680, 681 (Fla. 5th DCA 2011); *Andrews v. Frey*, 66 So. 3d 376, 379 (Fla. 5th DCA 2011); *Donovan Marine, Inc. v. Delmonico*, 40 So. 3d 69, 71-72 (Fla. 4th DCA 2010). These decisions distinguish *Gorka* on the grounds that where there is only one offeree, it is the offeree's decision alone to accept or reject the proposal, without the decision being dependent on any other party. Thus, *Gorka*'s concern that the offer there "divest[ed] each party [i.e., offeree] of independent control of the decision to settle" was not implicated. 36 So. 3d at 649.

Dr. Duong contends that the foregoing decisions were wrongly decided. Essentially, he argues that the purpose of apportionment is to allow the offeree to "evaluate" the offer with respect to each offeror, and that such "evaluation" is meaningless if the offeree cannot accept or decline each offer individually. This argument overlooks the other main purpose of the apportionment requirement, which is to allow the trial court to later determine "whether the judgment against only one of the parties was at least twenty-five percent more or less than the offer (depending on which party made the offer)." *Allstate Indem. Co. v. Hingson*, 808 So. 2d 197, 199 (Fla. 2002); *see also Twiddy v. Guttenplan*, 678 So. 2d 488, 489 (Fla. 2d DCA 1996) ("[W]e are required to reverse because the joint offer of judgment was not specific enough to enable the trial judge to determine that the . . . verdict against [one offeror] was at least twenty-five percent less than the offer made on her behalf."). The "evaluation" for the offeree also means the importance of allowing the offeree(s) to consider whether each offeror will later recover the amount of the offer that is apportioned to them, which would determine the offeree(s)' liability for attorney's fees.

In this case, the proposal for settlement gave Dr. Duong all of the information necessary to evaluate his exposure. Olivia Ziadie offered to settle the multiple claims of Francis and the children for $1,000,000. The offer broke down what part of the million dollar settlement would be paid to each of the claimants. Thus, Dr. Duong could evaluate each claim separately and determine both the reasonableness of the offer and the likelihood that the claimant would obtain, as to each claim, a verdict of at least twenty-five percent in excess of the proposal. There is no obligation for the claimants in this case to make individual offers to a single offeree.[1]

---

[1] Imposing such a requirement could mean that an offeree could settle the main claim and leave consortium claims unsettled. It would be rare plaintiffs who would want to hazard trying a consortium claim without the underlying injury claim being tried at the same time.

Further, because it was an "all or nothing" joint proposal, if the verdict for *any* of the claimants was not twenty-five percent higher than the amount of that claim in the settlement proposal, then *none* of the claimants could obtain attorney's fees under its terms. In other words, it was not enough that the total amount of the verdict exceed the total amount of the offer by twenty-five percent; the individual amounts awarded to each claimant in the verdict must also exceed the individual amounts set forth in the proposal for settlement for that claimant by twenty-five percent, or no attorney's fees could be claimed based upon the proposal for settlement. In this case, the awards to each claimant exceeded that threshold.

For these reasons, we affirm the order awarding attorney's fees pursuant to the proposal for settlement.

TAYLOR and MAY, JJ., concur.

*      *      *

***Not final until disposition of timely filed motion for rehearing.***