SLEET, Judge.
Wanda DiPaola Stephen Rinko General Partnership (the partnership) appeals the trial court’s denial of the partnership’s amended motion for costs and attorney’s fees and its award of costs and attorney’s fees in favor of Beach Terrace Association, Inc. (the association). We affirm the trial court’s award of attorney’s fees to the association and its denial of fees to the partnership without further comment. However, we reverse and remand the trial court’s denial of costs to the partnership and award of costs to the association because the trial court incorrectly applied the prevailing party standard instead of section 57.041, Florida Statutes (2012), which awards costs to the party that recovers a judgment.
This case suggests that, unlike a fine wine, litigation rarely gets better with the passage of time. The partnership, which owns a condominium at Beach Terrace in Sarasota, and the association have been litigating since 2004 over the association’s responsibility to repair and replace the entire HVAC system in the partnership’s condominium. In 2009, the partnership successfully obtained a court order that required the association to repair and replace the HVAC system. Although the association replaced the air handler, compressor, and condenser, the partnership claimed that the association’s delay caused damage to the unit as a result of mold. It subsequently filed a series of motions seeking the enforcement of the order; the replacement of the entire HVAC system, including all material components; and the remediation of the damage caused to the unit.
After a hearing in 2011, the trial court determined that the association was required to repair or replace the entire HVAC system but that further enforcement of the order to the extent that it required action on the part of the association had proven to be impractical as a result of the parties’ “tortured history.” The order allowed the partnership to proceed with repairs and provided that a non-jury trial would be held after the repairs were complete to determine the amount owed to the partnership for the repair and replacement of all equipment reasonably necessary and related to the proper functioning of the HVAC system. Prior to trial, the partnership gutted the condo and remodeled it. The partnership claimed that it ultimately incurred $1.3 million in consequential damages.
The nonjury trial took place in April 2012, and after hearing evidence from the parties, the court found that the partnership did not prove by a preponderance of the evidence that all of its damages were reasonably related to the association’s obli *1016 gations under the 2009 order. The court ordered the association to pay the partnership $12,848.10, which represented the cost of duct work, mold remediation, and asbestos abatement. This court affirmed the award in a table decision. See Wanda Dipaola Stephen Rinko Gen. P’ship v. Beach Terrace Ass’n, 129 So.3d 1075 (Fla. 2d DCA 2013). The partnership and the association each subsequently filed motions seeking attorney’s fees and costs.
Relying on Spring Lake Improvement District v. Tyrrell, 868 So.2d 656 (Fla. 2d DCA 2004), the trial court awarded costs to the association and denied the partnership’s motion for costs because it found that the association had prevailed on the significant issues in the litigation. In Spring Lake, this court held that a party seeking costs under section 57.041(1) is required to meet the standard of a prevailing party. Id. at 658. However, shortly before the trial court issued its order awarding costs-, to the association, this court receded from Spring Lake. See Wolfe v. Culpepper Constructors, Inc., 104 So.3d 1132 (Fla. 2d DCA 2012) (en banc). In Wolfe, this court explained that the “statute expressly demands that the party recovering judgment be awarded costs” and rejected the prevailing party standard as applicable to an award of costs pursuant to section 57.041(1). 104 So.2d at 1136 (emphasis omitted) (quoting Hendry Tractor Co. v. Fernandez, 432 So.2d 1315, 1316 (Fla.1983)).
Although the partnership did not receive the full amount that it sought in damages, it did recover a judgment. Therefore, it is entitled to costs under section 57.041. Accordingly, we reverse the orders denying the partnership’s motion for costs and granting the association’s motion for costs, and we remand for further proceedings consistent with this opinion.
Affirmed in part, reversed in part, and remanded.
ALTENBERND and SALARIO, JJ., Concur.