# Third District Court of Appeal

## State of Florida

Opinion filed November 29, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-2322
Lower Tribunal No. 12-1321
_____

**Isabel Magdalena, et al.,**
Appellants,

vs.

**Toyota Motor Corporation, et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Eric William Hendon, Judge.

Fowler Rodriguez LLP, and Luis E. Llamas, for appellants.

Bowman and Brooke LLP, and Stephanie M. Simm, John C. Seipp, Jr., and Donald A. Blackwell, for appellees Toyota Motor North America, Inc., Toyota Tsusho America, Inc., and Toyota Motor Sales USA, Inc.

Before ROTHENBERG, C.J., and EMAS and SCALES, JJ.

ROTHENBERG, C.J.

Isabel Magdalena, individually and as plenary guardian of Eugenio Magdalena, and Eugenio Magdalena, individually (collectively, "the plaintiffs")

appeal the trial court's order granting Toyota Motor North America, Inc., Toyota Tsusho America, Inc., and Toyota Motor Sales USA, Inc.'s (collectively, "Toyota") motion to tax costs and the final judgment subsequently rendered setting the amount of the costs award. The orders under review are based on the trial court's earlier ruling granting Toyota's motion to dismiss on the basis of forum non conveniens and its later finding that, pursuant to section 57.041, Florida Statutes (2016), and Florida Rule of Civil Procedure 1.525, Toyota was entitled to its costs as the "prevailing party." Because we conclude that a dismissal on the ground of forum non conveniens is not a judgment or ruling on the merits of the claims against Toyota, but rather a ruling which merely provides that another forum is more convenient and would best serve the ends of justice, we conclude that the trial court erred by awarding Toyota its costs.

## STANDARD OF REVIEW

As the issue before this Court involves the interpretation of a statute, which is a pure question of law, the standard of review is de novo. B.Y. v. Dep't of Children & Families, 887 So. 2d 1253, 1255 (Fla. 2004); Winn-Dixie Stores, Inc. v. Reddick, 954 So. 2d 723, 730 (Fla. 1st DCA 2007) ("An appellate court reviews whether a trial court's award of costs is excessive for an abuse of discretion; however, whether a cost requested may be awarded, at all, is a question of law to be reviewed de novo.") (citation omitted).

2

## ANALYSIS

The trial court awarded Toyota its costs as the prevailing party under section 57.041. We conclude that this was error for several reasons. First, there is existing authority that calls into question whether the "prevailing party" standard is even applicable when assessing whether a party is entitled to an award of costs under section 57.041. See Wolfe v. Culpepper Constructors, Inc., 104 So. 3d 1132, 1137 (Fla. 2d DCA 2012) (en banc) (receding from its earlier decision in Spring Lake Improvement Dist. v. Tyrrell, 868 So. 2d 656 (Fla. 2d DCA 2004), and holding that the "prevailing party" standard is inapplicable to a determination of whether a party is entitled to an award of costs under section 57.041); Bessey v. Difilippo, 951 So. 2d 992, 995 (Fla. 1st DCA 2007) (holding that "'prevailing party' is not the statutory standard for costs awards") (footnote omitted); but see Granoff v. Seidle, 915 So. 2d 674 (Fla. 5th DCA 2005) (applying the "prevailing party" standard to a determination under section 57.041).

Second, regardless of whether or not the "prevailing party" standard may be applied under section 57.041, it was error to award Toyota its costs under section 57.041 because no judgment has been entered, and Toyota is not a "prevailing party" merely because the litigation will take place in a different forum.

A. **Section 57.041**

Section 57.041 provides in relevant part as follows:

**Costs; recovery from losing party.—**

(1) The party recovering judgment shall recover all his or her legal costs and charges which shall be included in the judgment; but this section does not apply to executors or administrators in actions when they are not liable for costs.

Here, the plaintiffs have not obtained a "judgment" within the meaning of section 57.041; the case has simply been transferred to another forum. There was no determination of liability or holding on the merits, and the dismissal was conditioned on Toyota not contesting jurisdiction or raising certain defenses, such as the statute of limitations, should the case be refiled in Panama or Japan within one year of the date the dismissal order becomes final. In fact, the case has already been refiled in Panama against all of the Toyota defendants.

Although we have not found a case specifically addressing whether an order dismissing a case on forum non conveniens grounds constitutes a "judgment," the following cases are persuasive. In Do v. GEICO General Insurance Co., 137 So. 3d 1039, 1044-45 (Fla. 3d DCA 2014), this Court held that the order of dismissal for lack of prosecution was not a judgment or its functional equivalent, when determining whether a party was entitled to an award of attorney's fees under section 627.428, Florida Statutes, which requires the "rendition of a judgment" for entitlement to attorney's fees. Additionally, in Sal's Abatement Corp. v. Sid Harvey Industries, Inc., 718 So. 2d 885 (Fla. 3d DCA 1998), and O.A.G. Corp. v. Britamco Underwriters, Inc., 707 So. 2d 785, 786 n.1 (Fla. 3d DCA 1998),

4

*abrogated on other grounds by* <u>Caufield v. Cantele</u>, 837 So. 2d 371 (Fla. 2002), this Court held that a voluntary dismissal is not an adjudication on the merits and therefore, does not constitute a judgment or its functional equivalent. <u>See also</u> <u>Guarantee Ins. Co. v. Worker's Temp. Staffing, Inc.</u>, 61 So. 3d 1233 (Fla. 5th DCA 2011) (same).

In conclusion, section 57.041 is clear and unambiguous. Only a "party recovering judgment shall recover his or her legal costs." No judgment or the functional equivalent has been obtained by Toyota. Thus, Toyota is not entitled to recover its costs at this stage of the proceedings.

B. **<u>Prevailing Party</u>**

Toyota is also not entitled to recover its costs at this stage of the proceedings as a "prevailing party." The parties agree that the prevailing party (the party that prevailed on the significant issues below) is entitled to recover its costs.

Although there is no Florida case directly on point, there are federal cases that have addressed this very issue. In <u>Dattner v. Congra Foods, Inc.</u>, 458 F.3d 98, 100 (2d Cir. 2006), the United States Circuit Court noted that "[a] dismissal on the ground of *forum non conveniens* does not, after all, immunize a defendant from the risk of further litigation on the merits of a plaintiff's claims; it merely provides that another forum would be the most convenient and best serve the ends of justice." (italics in original) (internal quotation omitted). The Second Circuit therefore

5

found that "because Dattner [was] free to pursue his claims against the defendants in France, and because it remains to be seen which party will, in fact, prevail on the merits, defendants have not yet achieved a judicially sanctioned change in the legal relationship of the parties so as to be considered 'prevailing' under Rule 54(d)." Id. at 103; see also United States ex rel. Grynberg v. Praxair, Inc., 389 F.3d 1038, 1057 (10th Cir. 2004) (holding that Praxair was the prevailing party in the context of attorney's fees because "Grynberg is now prohibited from bringing further claims on these facts"); Szabo Food Serv., Inc. v. Canteen Corp., 823 F.2d 1073, 1076-77 (7th Cir. 1987) (holding that the defendant was not a "prevailing party" where the complaint was dismissed without prejudice because "dismissal without prejudice . . . does not decide the case on the merits. . . . The defendant remains at risk.").

We find these cases persuasive as the reasoning is sound. An order granting dismissal on forum non conveniens grounds resolves a procedural issue, not a substantive issue in the case. Liability has yet to be determined. Although the forum issue was hotly debated and extensively litigated, and may, at the end of the litigation, be determined to have been a "significant issue" upon which Toyota prevailed, resolution of whether Toyota may recover its costs litigating that issue is premature. Determination of whether a party was the prevailing party on the significant issues of a case requires consideration of the final judgment rendered as

to the parties at the end of the case. See Moritz v. Hoyt Enters., Inc., 604 So. 2d 807, 810 (Fla. 1992) (holding that "the party prevailing on the significant issues in the litigation is the party that should be considered the prevailing party"); Lake Region Paradise Island, Inc. v. Graviss, 323 So. 2d 610, 612 (Fla. 2d DCA 1975) (concluding that costs were not taxable against the party that caused the mistrial and that the determination of entitlement to costs must await final judgment); Sharpe v. Ceco Corp., 242 So. 2d 464, 465 (Fla. 3d DCA 1970) ("The prevailing party is regarded as that party who has affirmative judgment rendered in his favor at the conclusion of the entire case.").

The claims filed by the plaintiffs against Toyota in Miami-Dade circuit court are still pending, albeit in Panama, due to the forum non conveniens dismissal and based on the refiling of the plaintiffs' claims against these same Toyota defendants in Panama. While **one** significant issue in the litigation **may** have been resolved in Toyota's favor,[1] whether these Toyota defendants may be entitled to recover costs will ultimately depend on whether it is determined that Toyota or a specific Toyota company is the prevailing party at the conclusion of its litigation with the plaintiffs in the case. We, therefore, conclude that the trial court's consideration of Toyota's

---

[1] This Court takes no position on whether a dismissal on forum non conveniens grounds, which is a procedural ruling, as opposed to a substantive ruling on the merits of the claims alleged in the complaint, can be considered a "significant issue" upon which a motion for costs may be directed for purposes of determining prevailing party costs.

motion for costs as the prevailing party and subsequent award of costs was legal error. Accordingly, we reverse the orders on appeal.

Reversed.