# Third District Court of Appeal

## State of Florida

Opinion filed January 18, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-1826
Lower Tribunal No. 11-5755
_____

**Virginia Hadad Gonzalez**,
Appellant,

vs.

**Millin A. Nobregas**,
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Mark Blumstein, Judge.

J. Muir & Associates, P.A., and Jane W. Muir, for appellant.

Wasson & Associates, Chartered, and Annabel C. Majewski; Nobregas-Sancio, P.A., and Millin A. Nobregas, for appellee.

Before EMAS, MILLER and BOKOR, JJ.

BOKOR, J.

Virginia Hadad Gonzalez, the defendant below, appeals from the trial court's denial of fees and costs after a jury found in her favor. In pertinent part, Gonzalez claims fees as the prevailing party in an action under the Florida Deceptive and Unfair Trade Practices Act (FDUTPA), section 501.204, et. seq., Florida Statutes, as well as under a proposal for settlement pursuant to section 768.79, Florida Statutes, and Florida Rule of Civil Procedure 1.442. Additionally, Gonzalez seeks costs based on section 57.041, Florida Statutes. As explained below, we affirm the trial court's denial of fees and costs based on the FDUTPA claim and the proposal for settlement but reverse as to the mandatory imposition of costs pursuant to section 57.041.

First, we examine the trial court's denial of fees and costs under FDUTPA.[1] The relevant statute vests the trial court with discretion to award fees and costs under FDUTPA. See Coral Gables Imports, Inc. v. Suarez, 306 So. 3d 348, 349 n.3 (Fla. 3d DCA 2020) ("recognizing the discretionary nature of the relevant statutory provision [under FDUTPA]"); see also § 501.2105(1), Fla. Stat. ("[T]he prevailing party . . . *may* receive his or her reasonable attorney's fees and costs . . . .") (emphasis added); Id. (3) ("[t]he

---

[1] We review the trial court's ruling on the issue of entitlement under an abuse of discretion standard. Forte v. All Cnty. Towing, Inc., 336 So. 3d 316, 319 (Fla. 4th DCA 2022).

2

trial judge *may* award the prevailing party" reasonable fees and costs) (emphasis added). A non-exhaustive list of factors that a trial court may consider in determining fee entitlement under FDUTPA include: (1) the scope and history of litigation; (2) the ability to pay fees; (3) whether an award of fees would deter future conduct; (4) the merits of the respective positions of the parties; (5) whether the claim was frivolous, unreasonable, or groundless; (6) whether claims or defenses were raised to frustrate or stall; and (7) whether the claim was brought to resolve a significant issue under FDUTPA. Humane Soc'y of Broward Cnty., Inc. v. Fla. Humane Soc'y, 951 So. 2d 966, 971–72 (Fla. 4th DCA 2007); see also Forte, 336 So. 3d at 321 (listing Humane Society factors after determining that it remains good law).

Here, the record reflects that the trial court granted partial summary judgment as to liability in favor of the plaintiff on the FDUTPA claim, but the jury awarded no damages. Based on the record before us, the discretionary nature of prevailing party fees under FDUTPA, and the analytical framework described above, we find no abuse of discretion in the trial court's denial of fees and costs to Gonzalez on the FDUTPA claim. See Forte, 336 So. 3d at 319 ("An award of attorney's fees will be upheld on appeal so long as it is supported by competent, substantial evidence.").

Next, we turn to the denial of fees and costs under the proposals for settlement presented to the trial court.[2] Section 768.79 entitles a defendant to reasonable attorney's fees and costs where the defendant serves an offer of judgment, not accepted by the plaintiff within 30 days, and "(1) the judgment is one of no liability; (2) the judgment obtained by the plaintiff is at least twenty-five percent less than the defendant's offer; or (3) the cause of action was dismissed with prejudice." Smith v. Loews Miami Beach Hotel Operating Co., 35 So. 3d 101, 102 (Fla. 3d DCA 2010). Nobregas didn't accept the offers within 30 days and Gonzalez received a judgment of no liability. The issue of the proposals' validity, therefore, turns on whether they comply with the legal requirements of the statute, which delineate that an offer must:

> (a) Be in writing and state that it is being made pursuant to this section.
> (b) Name the party making it and the party to whom it is being made.
> (c) State with particularity the amount offered to settle a claim for punitive damages, if any.
> (d) State its total amount.
> The offer shall be construed as including all damages which may be awarded in a final judgment.

---

[2] We review de novo entitlement to costs and fees under the offer of judgment statute. See, e.g., Magdalena v. Toyota Motor Corp., 253 So. 3d 24, 25 (Fla. 3d DCA 2017) ("As the issue before this Court involves the interpretation of a statute, which is a pure question of law, the standard of review is de novo.").

§ 768.79(2), Fla. Stat.  Florida Rule of Civil Procedure 1.442 also imposes some additional requirements for implementing the statute.  "An offer of settlement must comply with both rule 1.442 and section 768.79."  Campbell v. Goldman, 959 So. 2d 223, 224 (Fla. 2007) (quotation omitted) (noting also that the 1996 amendment to rule 1.442 was intended to "require greater detail in settlement proposals").  Based on an examination of the statutory factors, the trial court correctly found the proffered proposals legally insufficient.[3]

The proposals considered by the trial court contain multiple deviations from the strict requirements of the statute and rule.  See Brower-Egar v. Noon, 994 So. 2d 1239, 1241 (Fla. 4th DCA 2008) ("Our supreme court has rejected any deviation from the strict requirements of the statute and rule.").  Most notably, the proposals require the plaintiff to execute a release but fail

---

[3] The record contains three proposals for settlement with the latter two purporting to supersede the ones before.  Gonzalez sought fees and costs in the trial court, and argues for such entitlement here, only under the first two proposals for settlement.  This is likely because the third proposal for settlement, presented after the amendment of the complaint to add punitive damages, runs afoul of section 768.79(2)(c), Florida Statutes and Florida Rule of Civil Procedure 1.442(c)(2)(E), which both require a proposal for settlement to "state with particularity the amount proposed to settle a claim for punitive damages, if any."  We take no position on whether the first two proposals for settlement were extinguished by the submission of subsequent proposals for settlement, because the first two proposals for settlement are legally flawed for the reasons described.

5

to attach or describe the release with sufficient detail. See State Farm Mut. Auto. Ins. Co. v. Nichols, 932 So. 2d 1067, 1078 (Fla. 2006) ("[W]e agree with those courts that have treated releases as conditions or nonmonetary terms that must be described with particularity."); see also Papouras v. BellSouth Telecomms., Inc., 940 So. 2d 479, 480–81 (Fla. 4th DCA 2006) ("In this case, the proposal simply provided for the plaintiff to execute a full release without further detail. A copy of the release was not attached, and no summary of the terms was included in the proposal. BellSouth argues, and we agree, that this proposed release lacked sufficient detail to eliminate any reasonable ambiguity about its scope."). Additionally, the proposals contain, at a minimum, ambiguity as to the issue of punitive damages.[4]

---

[4] As explained in footnote 3, the failure to address punitive damages with particularly renders the third proposal fatally flawed. But the failure to address punitive damages constitutes a fatal flaw with the first two proposals as well. Prior to service of the first proposal, Gonzalez sought to add a claim for punitive damages (which addition was ultimately permitted by the trial court prior to the third proposal). Even though Gonzalez was on notice of such attempt to add punitive damages, the first two proposals state that "[n]o punitive damages are claimed in this case." This may be correct in the sense that the complaint hadn't yet been amended to add the punitive damages claim, but the plaintiff was seeking them (arguably, "claiming" them as the word is generally understood). At a minimum, the failure to address punitive damages that Gonzalez sought to add that had not, at that time, been ruled upon, likely renders the proposals ambiguous. See Mix v. Adventist Health System/Sunbelt, Inc., 67 So. 3d 289, 292 (Fla. 5th DCA 2011) ("A proposal does not satisfy the 'particularity' requirement if an ambiguity within the proposal could reasonably affect the offeree's decision."). This also amplifies the ambiguity and lack of specificity of the release language.

Finally, the releases require payment from the date of "settlement" without defining such date. See Hibbard ex rel. Carr v. McGraw, 918 So. 2d 967, 971 (Fla. 5th DCA 2005) ("Because the offer of judgment statute and related rule must be strictly construed, virtually any proposal that is ambiguous is not enforceable."). Accordingly, none of proposals proffered under the offer of judgment statute satisfy the strict requirements of the relevant statute and rule, and the trial court correctly declined to enforce them.

Finally, we address Gonzalez's entitlement to costs under section 57.041, Florida Statutes. The statute uses mandatory language. "The party recovering judgment *shall* recover all his or her legal costs and charges which shall be included in the judgment." § 57.041(1), Fla. Stat. (emphasis added). A zero judgment, a defense verdict by which the plaintiff takes nothing, constitutes a judgment in favor of the defendant for purposes of recovery of costs. See Tacher v. Mathews, 845 So. 2d 332, 334–35 (Fla. 3d DCA 2003). Accordingly, we vacate the portion of the final judgment denying costs. Section 57.041 requires an award of costs in favor of Gonzalez.

Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.