ANNUM YIM KEALAMAKIA, aka ANUM Y. KEALAMAKIA and ANUM BARNUM KEALAMAKIA, Plaintiffs-Appellants, v. UNKNOWN HEIRS OF KAMOEHALAU, DECEASED, et al., Defendants-Appellees, and OLNEY K. ROY, Third-Party Plaintiff, v. HEIRS OF LUMIHAI, DECEASED, et al., Third-Party Defendants

NO. 10575

CIVIL NO. 2229

APRIL 23, 1986

LUM, C.J., NAKAMURA, PADGETT, HAYASHI AND WAKATSUKI, JJ.

OPINION OF THE COURT BY LUM, C.J.

Appellant Estate of Annum Y. Kealamakia appeals a denial of its motion for taxation of costs and attorney's fees incurred in furtherance of a quiet title action. We reverse and remand for further proceedings.

I.

In 1970, Appellant initiated an action to quiet title to Royal Patent Grant 1595 ("Grant"), a 175 acre parcel situated in North Kona, Hawaii. In 1972, the trial court entered a decree quieting title after all parties stipulated that each owned undivided interests in the Grant as tenants in common.[1] It also ordered a survey and partition of the Grant.

In 1979, the court-appointed surveyor discovered that the Grant actually included two additional kuleanas which were not contemplated by the original metes and bounds description set forth in the stipulation and subsequent decree. Consequently, one of the Co-Tenants, Appellee Olney K. Roy, filed a third-party complaint to quiet title to these kuleanas. The remaining Co-Tenants, including Appellant, responded asserting their interests in the kuleanas. Two additional parties, Dr. James Mitchell and Marion Bush, also appeared to claim ownership in the Grant.

On December 30, 1982, Appellant filed a counterclaim and cross-claim against the other parties asserting exclusive ownership over the kuleanas. Roy, however, obtained a summary judgment which barred Appellant from claiming sole ownership over the kuleanas. The court concluded that the previous decree was res judicata because it had adjudicated all title disputes between Appellant and the other co-tenants with respect to the entire Grant, including the kuleanas.

The case proceeded to trial with only Appellant defending against the claims of Mitchell and Bush. On March 28, 1983, the jury returned a special verdict awarding Appellant ownership over the kuleanas. Accordingly, the trial court issued an amended judgment quieting title to the kuleanas in all of the Co-Tenants. The kuleanas were subsequently partitioned.

On December 19, 1984, Appellant filed a motion claiming that under Hawaii Revised Statutes ("HRS") § 668-17 (1976),[2] the other Co-

---

[1]These parties, consisting of Appellant and Appellees Chak, Inc., Olney K. Roy, Iris Paku Texeira, Dolly Smith, Roseline Keliikipi Sur, John Keliikipi and Anna Keliikipi Keanaaina are hereinafter collectively referred to as "Co-Tenants".

[2]HRS § 668-17 provides that:

All costs of the proceedings in partition shall be paid by the plaintiff in the first instance, but eventually by all of the parties in proportion to their interests, except such costs which may be occasioned by contests as to particular shares or interests, which

Tenants should be required to bear their respective proportionate share of the legal fees and costs Appellant incurred in furtherance of the action to quiet title in the kuleanas. Appellant argued that the other Co-Tenants benefited from its efforts to establish ownership and subsequent partition of the kuleanas. The trial court, however, denied this motion because it considered HRS § 668-17 inapplicable to legal expenses incurred pursuant to a quiet title action. We do not read this statute so restrictively.

## II.

Property cannot be partitioned unless its title has been clearly established. HRS § 668-15 (1976). In the interest of expediency, our legislature has empowered a court in a partition proceeding to adjudicate any and all issues relating to the title of the property before it. HRS §§ 668-7(1) and (2) (1976). Indeed, this court has held that "[t]he trying of a disputed title in a partition suit is an enlargement of the usual powers of courts of equity in such suits." *Marks v. Ah Nee,* 48 Haw. 92, 96, 395 P.2d 620, 622 (1964). Moreover, we have also noted that the costs of a partition proceeding "necessarily included the costs accrued upon the trial of the issue of the validity of the deed." *Lalakea v. Laupahoehoe Sugar Co.,* 35 Haw. 262, 296 (1939). We therefore conclude that HRS § 668-17 applies to attorney's fees and costs incurred pursuant to a quiet title action which is necessary to the accomplishment of a partition proceeding.

Reversed and remanded for a determination of the appropriate apportionment of attorney's fees and costs.

*Michael J. Matsukawa (Valta A. Cook* and *Matthew G. Jewell* with him on the briefs), Attorneys for Appellant Estate of Annum Y. Kealamakia.

*Kazuhisa Abe,* Attorney for Appellee CHAK, Inc.

---

shall be charged against the particular shares or interests involved and be paid as determined by the result of the trial of the particular issue. In addition to costs of the proceeding the judge may allow any fee or fees for legal services rendered by the attorneys for any of the parties, and apportion the same for costs for payment by and between the parties or any of them, all as to the judge shall seem equitable in the light of the services performed and the benefits derived therefrom by the parties, respectively.