573 So.2d 990 (1991)
WEITZER OAK PARK ESTATE, LTD.; Weitzer Group, Inc.; Weitzer Communities, Ltd.; Weitzer Estates, Inc.; Weitzer Construction Corp.; Harry Weitzer; Weitzer Oak Parks; and Weitzer Oak Parks Estates, Inc., Appellants,
v.
John PETTO, Susan Petto, Dorothy Killian, Guillermo Torres, and Barbara Broussard, Appellees.
Nos. 90-375, 90-376.
District Court of Appeal of Florida, Third District.
January 29, 1991.
Rehearing Denied February 25, 1991.
*991 Margulies & Rones, P.A., and Bruce M. Margulies, North Miami Beach, for appellants.
Ludovici & Ludovici, P.A., and Helene L. Daniel, Miami, for appellees.
Before SCHWARTZ, C.J., and BARKDULL and JORGENSON, JJ.
PER CURIAM.
In consolidated appeals, Weitzer Oak Park Estates, Ltd., Weitzer Estates, Inc., and Weitzer Construction Corp. appeal from a final judgment in an action by five homeowners for loss of use of residential real property and from an order denying rehearing. Weitzer Communities Ltd., Weitzer Group Inc., Harry Weitzer, and Weitzer Oak Park Estates, Inc., appeal from an order denying costs following final judgment. For the following reasons, we affirm in part, reverse in part, and remand.
We affirm the final judgment and the order denying rehearing. The plaintiffs, homeowners, introduced sufficient evidence of damages for loss of use of their real property to support the jury verdict. See Horn v. Corkland Corp., 518 So.2d 418 (Fla. 2d DCA 1988) (owner of property can testify to value of his property); Harbond, Inc. v. Anderson, 134 So.2d 816 (Fla. 2d DCA 1961) (same); 24 Fla.Jur.2d § 650 (1981) (where value of property at issue, opinions of property owners as to value of property proper whether property is real or personal). See also Watson v. Jones, 160 Fla. 819, 36 So.2d 788 (1948).
We reverse the order denying costs to appellants/defendants, Weitzer Communities, Ltd., Weitzer Group, Inc., Harry Weitzer, and Weitzer Oak Park Estates, Inc. The trial court entered final judgment in favor of three of these defendants, and the fourth was voluntarily dismissed. Under section 57.041, Florida Statutes (1987), every party who recovers a judgment in a legal proceeding is entitled as a matter of right to recover lawful court costs, and a trial judge has no discretion to deny costs to the parties recovering judgment. Board of St. Johns River Water Management Dist. v. Lake Pickett Ltd., 543 So.2d 883 (Fla. 5th DCA 1989); Dragstrem v. Butts, 370 So.2d 416 (Fla. 1st DCA 1979). We glean from the record that many of the costs incurred by Harry Weitzer, individually, and the Weitzer corporate developers involved in this action are overlapping and that all of these defendants were represented by the same attorney. We suggest that the trial court carefully scrutinize the costs incurred before entering an appropriate cost award to the prevailing defendants.
Affirmed in part, reversed in part, and remanded with directions.