PER CURIAM.
Appellant, Magally Diaz (Diaz), appeals a final judgment in a partition action. We affirm in part and reverse in part.
Following the death of her husband, Diaz initiated proceedings in probate court. Shortly thereafter, she recorded a quitclaim deed, purporting to convey all title in a condominium unit to herself. She and her husband had held the unit as tenants in common and she continued to reside in it.
When other beneficiaries of the estate learned that Diaz had recorded this quitclaim deed, they intervened in the probate action. As a result, the probate court enjoined Diaz from selling, encumbering or otherwise disposing of the estate’s one-half interest in the condominium unit, and selected Hector J. Mir (Mir) to replace Diaz as personal representative.
Subsequently, in another action, Diaz sued to reform the condominium unit deed to create a tenancy by the entirety. Mir counterclaimed for slander of title and for partition. The trial court ruled that Diaz and the estate each owned an undivided one-half interest in the condominium unit as tenants in common and that Mir, as personal representative, was entitled to partition. The court also declared Diaz’s quitclaim deed null and void.
The trial court then awarded rent and attorneys’ fees to the estate. These attorneys’ fees included fees to establish and protect the estate’s interest in the condominium unit in probate court and in Diaz’s reformation action.
The issues on appeal are whether: 1) co-tenant Diaz held the property adversely to the estate and was thereby liable for rent, 2) the partition statute awards attorneys’ fees for actions which establish the estate’s title and interest in the property prior to the *1006 partition proceeding, and 3) attorneys’ fees in a partition action are to be proportioned according to the party’s interest in the property?
Turning to the first issue, a tenant in common in exclusive possession of the property holds adversely when he or she claims the exclusive right or title and communicates this adverse holding to the coten-ant out of possession. Barrow v. Barrow, 527 So.2d 1373, 1377 (Fla.1988). This adverse holding renders the eotenant in possession liable and accountable to the cotenant out of possession. Id. at 1377.
In Chasteen v. Chasteen, 213 So.2d 509, 511 (Fla. 1st DCA 1968), a brother acquired adverse title against heirs who knew that he claimed property through a warranty deed rather than as heir. See also Morrison v. Byrd, 72 So.2d 657, 658 (Fla.1954); Futch v. Parslow, 64 Fla. 279, 60 So. 343, 344 (Fla.1912). In Diedricks v. Reinhardt, 466 So.2d 375, 377-78 (Fla. 3d DCA 1985), a non-possessing cotenant sued to recover title to the entire property, thereby notifying the possessing cotenant of liability for rent.
Here, the estate learned of Diaz’s adverse holding when Diaz claimed exclusive title under the quitclaim deed, see Chasteen, 213 So.2d at 511, and when Diaz sued Mir to reform the deed to create a tenancy by the entirety, see Diedricks, 466 So.2d at 378. Because Diaz holds adversely, she is liable for payment of rent. See Barrow, 527 So.2d at 1377.
The next issue is whether attorneys’ fees may be awarded for actions prior to the partition proceeding which establish and protect title and interest in property. Section 64.081, Florida Statutes (1993) (emphasis added), provides:
Every party shall be bound by the judgment to pay a share of the costs, including attorneys’ fees to plaintiffs or defendant’s attorneys or to each of them commensurate with their services rendered and of benefit to the partition, to be determined on equitable principles in proportion to his interest.
In order to seek partition, the claimant must show title or a right to partition. Rountree v. Rountree, 101 So.2d 43, 44 (Fla.1958). To prove title in a partition proceeding, prior actions may have been instituted to establish or protect title to the property. Kealamakia v. Unknown Heirs of Kamoehalau, 68 Haw. 429, 717 P.2d 516, 518 (1986); Buchanan Realty Corp. v. Looney, 201 Va. 432, 111 S.E.2d 410, 416 (1959). These actions may therefore be deemed to be “of benefit to the partition.” § 64.081, Fla.Stat. (1993).
We determine that the actions taken here to establish the estate’s interest in probate court and to defeat the reformation suit are “of benefit to the partition.” Consequently, attorneys’ fees for both actions are also to be paid under the partition statute.
Finally, attorneys’ fees in a partition action are to be paid “in proportion to [the party’s] interest.” § 64.081 Fla.Stat. (1993). As cotenants, Diaz and the estate each possess one-half interest in the property and are therefore each liable for one-half of the attorneys’ fees awarded. Adler v. Schekter, 197 So.2d 46, 50 (Fla. 3d DCA 1967).
Accordingly, we affirm the tidal court’s judgment awarding rent to the estate. We also affirm the award of all attorneys’ fees under the partition statute, including fees rendered to establish the estate’s interest in probate court and to defeat the reformation action. We reverse the award of all attorneys’ fees to the estate and remand for entry of an order rendering each party liable for one-half of the attorneys’ fees awarded.
Affirmed in part; reversed in part, and remanded with directions.