WALLACE, Judge.
Curtis Michael Robinson challenges the trial court’s order denying his motion for attorney’s fees and costs following the entry of a final judgment for the partition of real property. Because the trial court’s rationale for denying the motion for fees and costs is insufficient, we reverse and remand for further proceedings.
I. THE FACTUAL AND PROCEDURAL BACKGROUND
Mr. Robinson and Sylvia A. Barr owned as tenants in common a commercial property located in St. Petersburg. Mr. Robinson and Ms. Barr each owned a one-half interest in the real property. In February 2008, Mr. Robinson filed a complaint seeking to partition the property. Ms. Barr filed an answer to the complaint and a counterclaim for partition. In addition to seeking partition, both parties sought additional relief based upon their respective claims arising from the income and expenses associated with the property.
After a trial, the trial court entered a final judgment for the partition of the property. Based on a finding that the property was indivisible, the trial court ordered that the property be sold and the proceeds divided between the parties. In *600 addition, the trial court ruled against both Mr. Robinson and Ms. Barr on their claims for additional monetary relief. Mr. Robinson timely filed a motion for attorney’s fees and costs.
The clerk of court sold the property in February 2011, and Mr. Robinson became the purchaser at the sale. In October 2012, the trial court conducted a hearing on Mr. Robinson’s motion for attorney’s fees and costs and another motion filed by Mr. Robinson requesting an order providing for the disbursement of the proceeds of the sale. After the hearing, the trial court entered an order directing the disbursement of the sales proceeds. In the same order, the trial court denied Mr. Robinson’s motion for attorney’s fees and costs. This appeal followed.
II. THE TRIAL COURT’S RATIONALE
In the order under review, the trial court stated its rationale for denying Mr. Robinson’s motion for attorney’s fees and costs in full as follows: “[T]his Court finds that [Mr. Robinson] and [Ms. Barr] both prevailed on the partition counts, but not on the other counts, and that no attorneys’ fees and costs will be awarded.”
III. DISCUSSION
Mr. Robinson sought an award of attorney’s fees and costs under section 64.081, Florida Statutes (2009). The statute, which forms part of chapter 64 concerning partition of property, provides, in pertinent part, as follows: In the final judgment for partition, the trial court necessarily found that partition of the property was appropriate. Thus the trial court was required to consider and make such awards of attorney’s fees and costs as might be appropriate in accordance with the provisions of the statute. See Fernandez-Fox v. Reyes, 79 So.3d 895, 896-97 (Fla. 5th DCA 2012); Deshommes v. Bazin, 421 So.2d 806, 807 (Fla. 3d DCA 1982). The circumstance that both Mr. Robinson and Ms. Barr prevailed on their claims for partition but not on their requests for additional relief is not a valid reason to disregard the command of the statute and to deny Mr. Robinson’s timely motion seeking an award of attorney’s fees and costs.
Every party shall be bound by the judgment to pay a share of the costs, including attorneys’ fees to plaintiffs or defendant’s attorneys or to each of them commensurate with their services rendered and of benefit to the partition, to be determined on equitable principles in proportion to the party’s interest.
IY. CONCLUSION
For the foregoing reasons, we reverse the order under review to the extent that it denied Mr. Robinson’s motion for attorney’s fees and costs. On remand, the trial court shall reconsider the motion in light of the requirements of section 64.081 and the considerations outlined in Adler v. Schekter, 197 So.2d 46 (Fla. 3d DCA 1967). Upon reconsideration of the motion for attorney’s fees and costs, the trial court should make such amendments to the order for the disbursement of funds as may be appropriate.
Reversed and remanded with directions.
VILLANTI and SLEET, JJ., Concur.