NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

ANTHONY HAWKS,⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀Appellant,⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
v.⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)⠀⠀⠀⠀Case No. 2D17-4526
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
JEANNE ELLEN LIBIT,⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀Appellee.⠀⠀⠀⠀⠀⠀)
_____)

Opinion filed July 25, 2018.

Appeal from the Circuit Court for Sarasota
County; Andrea McHugh, Judge.

Anthony Hawks, pro se.

John J. Waskom of Icard, Merrill, Cullis,
Timm, Furen & Ginsburg, P.A., Sarasota,
for Appellee.

KHOUZAM, Judge.

⠀⠀⠀⠀⠀⠀Attorney Anthony Hawks, pro se, timely appeals the circuit court's final

judgment awarding costs to his former client, Jeanne Ellen Libit. Relying on this

court's en banc opinion in Wolfe v. Culpepper Constructors, Inc., 104 So. 3d 1132 (Fla.

2d DCA 2012), Hawks argues that the trial court erred by awarding costs to Libit as the

"prevailing party" and failing to award costs to Hawks as the "party recovering

judgment."  We agree.  Accordingly, we reverse and remand for costs to be awarded in Hawks' favor.

I.    Facts

Hawks represented Libit in a family trust dispute.  When he was discharged before the suit was resolved, he filed a notice and claim of attorney's charging lien pending final resolution of the underlying action.  Hawks claimed that Libit owed him $159,431.20 for legal services and costs pursuant to a written engagement letter.

A settlement agreement was reached in the underlying action.  Before the agreement was approved by the court, Libit filed a petition to set aside $225,200 in a restricted depository "to ensure that attorney Hawks [would] not be prejudiced by Court approval of the settlement agreement."  The court granted Libit's petition and approved the depository.

After the settlement was approved and the suit was dismissed with prejudice, Hawks filed a petition for attorney's fees and motion to enforce charging lien, seeking payment of $159,431.20.  The court granted Hawks' petition and motion but found that Hawks was entitled to fees in the amount of $37,053.42.  This court has affirmed the award.  See Hawks v. Libit, No. 2D17-2230 (Fla. 2d DCA Feb. 9, 2018) (table decision).

Hawks filed a motion for $3254.99 in costs pursuant to section 57.041(1), Florida Statutes (2016).  Libit opposed the motion and filed her own motion seeking costs as the prevailing party under the same statutory section.  The court denied Hawks' motion and granted Libit's, finding that Libit was the prevailing party in Hawks'

fee claim because he was awarded significantly less than the amount he sought. The court relied on the interpretation and application of section 57.041(1) found in Wyatt v. Milner Document Products, Inc., 932 So. 2d 487, 490 (Fla. 4th DCA 2006), abrogated on other grounds in Westgate Miami Beach, LTD. v. Newport Operating Corp., 55 So. 3d 567 (Fla. 2010). Moreover, the court concluded that it had discretion to award costs to Libit because Hawks' fee claim was equitable in nature. Ultimately, the court ordered Hawks to pay Libit $7418.80 in costs. Hawks moved to alter or amend the final judgment, arguing that the court erred in failing to follow Wolfe. After the court denied his motion to amend, Hawks appealed.

I.     Analysis

Hawks and Libit both sought costs pursuant to section 57.041(1), which provides that "[t]he party recovering judgment shall recover all his or her legal costs and charges which shall be included in the judgment." In the 2012 Wolfe opinion, this court, sitting en banc, held that the plain language of this section requires that the "party recovering judgment"—as opposed to the "prevailing party" (though oftentimes a party will be both)—is entitled to an award of costs. Id. at 1137. This court relied on the Florida Supreme Court's decision in Hendry Tractor Co. v. Fernandez, 432 So. 2d 1315 (Fla. 1983):

> In Hendry Tractor, the supreme court reviewed the operation of section 57.041(1), Florida Statutes (1979), which then, as now, provided that the party "recovering judgment" recover all legal costs and charges. The court found the statute's language to be clear. "The statute expressly demands that the *party recovering judgment* be awarded costs. This unambiguous language need not be construed. Rather, it should be applied as is to the given situation." Hendry Tractor, 432 So. 2d at 1316. In guiding the lower courts in the application of the statute, the court

stated "that a plaintiff in a multicount personal injury action who recovers money judgment on at least one but not all counts in the cause of action, is the 'party recovering judgment' for purposes of section 57.041(1), Florida Statutes (1979), and therefore is entitled to recover costs." Id.

Wolfe, 104 So. 3d at 1136 (footnote omitted). This court also explicitly aligned itself with the First District's holding in Bessey v. Difilippo, 951 So. 2d 992 (Fla. 1st DCA 2007), in which the First District held:

Section 57.041(1), Florida Statutes (2005), does not authorize reduction or apportionment of costs on grounds that the plaintiff recovered—on the only count sued on—less than all of the damages the complaint prayed for. The statute does not leave the award to the trial court's discretion, but entitles the party in whose favor judgment is entered to an award of all taxable costs, as a matter of law. See Tacher v. Mathews, 845 So. 2d 332, 334 (Fla. 3d DCA 2003) ("The award of these costs is not discretionary.").

Id. at 993.

In Wolfe, this court also receded from its prior holding in Spring Lake Improvement District v. Tyrrell, 868 So. 2d 656 (Fla. 2d DCA 2004), which had applied the "prevailing party" standard set forth in Moritz v. Hoyt Enterprises, Inc., 604 So. 2d 807, 810 (Fla. 1992), to costs awards under section 57.041. We explained:

In 2004, this court construed and applied section 57.041(1) in Spring Lake, 868 So. 2d 656, which the Wolfes rely upon to argue that the trial court did not err in denying Culpepper its fees and costs. We held in Spring Lake that the statutory language—"[t]he party recovering judgment shall recover all his or her legal costs"—meant that to recover costs, the party must meet the standard of a "prevailing party" as set forth in Moritz[, 604 So. 2d at 810]. Spring Lake, 868 So. 2d at 658. On closer inspection, we conclude that the opinion in Spring Lake erred in applying Moritz to the situation there. Instead, we rely upon the plain language of the statute and the decision in Hendry Tractor . . . to guide our conclusion that Culpepper is entitled

- 4 -

to an award of its costs in this litigation.

. . . .

The supreme court's later opinion in Moritz is distinguishable from the instant case, and from Hendry Tractor, on its facts. In Moritz, cited as controlling in Spring Lake, the issue presented was the entitlement to attorney's fees as a prevailing party—not costs. In Moritz, the court was reviewing a Fourth District holding that the defendant/home builder was entitled to attorney's fees as the prevailing party under circumstances where the plaintiffs/home owners had breached the construction contract but were still entitled to a judgment for the majority of the funds held on deposit. 604 So. 2d at 808. The court concluded, agreeing with Hensley v. Eckerhart, 461 U.S. 424, 433[] (1983): "We agree that the party prevailing on the significant issues in the litigation is the party that should be considered the prevailing party for attorney's fees." Id. at 810. The opinion in Moritz addressed neither section 57.041(1) nor costs.

Wolfe, 104 So. 3d at 1136 (footnote omitted). In the instant case, the circuit court relied on Wyatt, in which the Fourth District agreed with Spring Lake that costs under section 57.041(1) are governed by the "prevailing party" standard set forth in Moritz. Because this court has since rejected this line of reasoning, the circuit court's reliance on Wyatt was misplaced.

Libit argues that the standard set forth in Wolfe does not apply to this case because it involves a claim sounding in equity and "[t]raditionally, equity courts have had the discretion to apportion costs." Shlachtman v. Mitrani, 508 So. 2d 494, 495 (Fla. 3d DCA 1987). But both Hawks and Libit sought costs pursuant to section 57.041(1). Since Wolfe was decided in 2012, this court has applied the "party recovering judgment" standard—not the "prevailing party" standard—to costs motions filed pursuant to this section. See Wanda Dipaola Stephen Rinko Gen. P'ship v.

- 5 -

<u>Beach Terrace Ass'n</u>, 173 So. 3d 1014, 1015 (Fla. 2d DCA 2015) (reversing the trial court's denial of costs "because the trial court incorrectly applied the prevailing party standard instead of section 57.041, Florida Statutes (2012), which awards costs to the party that recovers a judgment"); <u>Pelham v. Walker</u>, 135 So. 3d 1114, 1119 (Fla. 2d DCA 2013) (stating that the party that recovered partial judgment was entitled to costs pursuant to section 57.041(1)). Libit has not cited, and we have been unable to locate, any authority from this court suggesting that section 57.041(1) or the holding in <u>Wolfe</u> should apply differently to equitable claims. Moreover, the court did not set forth an equitable reason for departing from the general rule set forth in <u>Wolfe</u>; rather, the court simply applied the incorrect rule.

Accordingly, we conclude that the court erred in failing to apply <u>Wolfe</u>, under which Hawks would be entitled to costs as the "party recovering judgment"[1] and Libit would not be entitled to costs. We reverse the court's order on costs and remand for the entry of a costs award in Hawks' favor.

Reversed and remanded with instructions.

LUCAS and ATKINSON, JJ., Concur.

---

[1]We note that Hawks did not challenge in either his motion to amend or alter the final judgment or in this appeal the court's exclusion of $582.63 originally requested for witness travel expenses.