DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**VALERIE K. SHERMAN,**
Appellant,

v.

**MYRON K. SHERMAN,**
Appellee.

No. 4D18-3578

[September 25, 2019]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Carlos Augusto Rodriguez, Judge; L.T. Case No. CACE-11-26900 (09).

Elliot L. Miller, Miami Beach, for appellant.

Jeffrey M. Weissman of Weissman & Dervishi, P.A., Fort Lauderdale, for appellee.

*EN BANC*

PER CURIAM.

In this action involving partition of property, Valerie K. Sherman, the appellant and plaintiff below, appeals the final judgment and the denial of her motion to alter or amend the final judgment as to the issue of costs. The costs of the partition sale itself have been reimbursed from the proceeds of the sale. However, Valerie seeks an award against Myron K. Sherman, the appellee and defendant below, for the other costs of suit, pursuant to section 57.041(1), Florida Statutes (2018). Because the trial court incorrectly applied a "prevailing party" standard to costs awarded under section 57.041(1), when the correct standard is the "party recovering judgment," we reverse and remand for further proceedings. We consider this case en banc, to recede from conflicting language regarding the appropriate standard for awards of costs pursuant to section 57.041(1) in our prior opinions.

*Background*

Prior to her death, Ruth Frances Sherman created an irrevocable trust for the residence she lived in with her son, Myron. After Ruth's death, Valerie, Ruth's daughter, filed suit against her brother Myron individually and as co-trustee of the "the Trust Agreement." In the operative complaint, Valerie asserted five counts seeking: (1) a declaration of rights under the trust; (2) a resulting trust; (3) a constructive trust based on unjust enrichment; (4) trust liquidation; and (5) partition with a request for damages. At trial, Valerie sought alternative or supplemental awards of damages regarding the title ownership of the residence.

Myron raised various affirmative defenses and counterclaims for reformation (seeking a determination that he was the sole owner of the property after Ruth's death), slander of title, and "contribution" damages for expenses he advanced as a co-owner of the property, if the counterclaim for reformation was denied.

The matter proceeded to trial, after which the trial court entered its final judgment. In the judgment, the trial court concluded that no evidence had been presented as to any of the common-law damage claims made by each party, and therefore dismissed the damages claims. The trial court granted Valerie's request for declaratory judgment, determining that since its acquisition, the subject property was at all times owned by "the Trust Agreement." The trial court additionally adjudged as valid a corrective deed establishing that Valerie and Myron, as co-trustees of the the Trust Agreement, were the owners of the property. The trial court granted Valerie's request to liquidate the trust, which had continued in existence well beyond the ten-year term originally contemplated in the Trust Agreement. Important to this appeal, the trial court ruled:

> 6. The Court grants [Valerie's] Count V seeking partition and further finds that the premises consist of a single-family home which is not susceptible of partition in kind and can only be partitioned by sale. There appears to be no mortgages of record upon said parcel and a partition by sale shall convey full fee-simple title to the purchaser at said sale.

The final judgment directed Valerie to advance "any and all subsequent costs[,] fees or other expenses of this action," with a provision that she was to be reimbursed by the clerk of court from the proceeds of the sale. However, the final paragraph of the final judgment stated that "[o]ther than as indicated herein, each party to bear their own costs and attorney['s] fees." The final judgment did not grant any relief to Myron or determine

2

that he prevailed on any defense.

After entry of the final judgment, Valerie filed a motion and supplemental motion to alter or amend the final judgment, pursuant to Florida Rule of Civil Procedure 1.530(g), seeking to eliminate the last paragraph of the final judgment providing that each party shall bear their own costs. Valerie asserted that nothing was presented at trial to support the trial court's ruling that each party should bear their own costs, and *as the prevailing party*, she was statutorily entitled to costs pursuant to section 57.041(1).

At the hearing on the motion to amend the final judgment, Valerie's counsel clarified that section 57.041(1) dictates that costs be awarded to *the party recovering judgment*, as opposed to *the prevailing party*, and explained that the final judgment granted Valerie's causes of action and granted nothing on Myron's affirmative defenses and counterclaims, making it clear that Valerie was both the prevailing party and the party recovering judgment.

Despite the fact that it was Valerie, and not Myron, who sought the partition, the transcript of the hearing indicates that the trial court denied Valerie's motion, reasoning that neither party was the *prevailing party* because the judgment was not favorable to one over the other, as there was a partition, and it was more equitable that each party incurring costs before the hearing should bear those costs without reimbursement, except as provided in the final judgment.

Following the hearing, the trial court entered an order simply stating that Valerie's motion to amend the final judgment was "denied." Valerie gave notice of appeal.[1]

*Appellate Analysis*

"An appellate court reviews whether a trial court's award of costs is excessive for an abuse of discretion; however, whether a cost requested may be awarded, at all, is a question of law to be reviewed de novo." *City of Boca Raton v. Basso*, 242 So. 3d 1141, 1144 (Fla. 4th DCA 2018) (quoting *Winn-Dixie Stores, Inc. v. Reddick*, 954 So. 2d 723, 730 (Fla. 1st DCA 2007)). As such, the standard of review of the trial court's denial of

---

[1] Subsequent to the proceedings on appeal, it appears the trial court entertained and granted Valerie's motions for award of costs relating to (1) the partition sale of the property and (2) a sanction imposed for failure to admit the genuineness of a document. Those costs awards are not the subject of this appeal.

Valerie's request for costs is *de novo*.

On appeal, Valerie argues that the trial court erred in denying her motion to alter or amend the final judgment, precluding her from obtaining an award of costs. She contends the premise of the trial court's ruling is that there was no prevailing party, since the net effect of the judgment was to grant partition. Valerie argues the trial court should have applied the proper standard, the "party recovering judgment" standard, which would have entitled her to an award of costs under section 57.041(1).

Section 57.041(1) provides in pertinent part:

> (1) *The party recovering judgment* shall recover all his or her legal costs and charges which shall be included in the judgment . . . .

§ 57.041(1), Fla. Stat. (emphasis added). Our supreme court in *Hendry Tractor Co. v. Fernandez*, 432 So. 2d 1315, 1316 (Fla. 1983), explained that this language "*expressly demands that the party recovering judgment be awarded costs. This unambiguous language need not be construed.*" (emphasis added).

Valerie points out that while the "prevailing party" and the "party recovering judgment" will frequently be the same party, circumstances may arise in which that is not the case. For example, a party may prevail on some, but not all counts or causes of action, or it may be difficult to discern which party prevails where a non-monetary judgment is entered.

In *Hendry Tractor*, the supreme court clarified that "a plaintiff in a multicount personal injury action who recovers [a] money judgment on at least one but not all counts in the cause of action, is the 'party recovering judgment' for purposes of section 57.041(1), Florida Statutes (1979), and therefore is entitled to recover costs." *Id.* As such, the argument that a defendant prevailed in defense of a failed count does not appear to entitle the defendant to costs, where the plaintiff nevertheless prevailed on at least one other count.

Although not discussed by the parties in their briefs, we note that in *Folta v. Bolton*, 493 So. 2d 440 (Fla. 1986), the supreme court clarified the holding of *Hendry Tractor* to apply to claims "arising out of a single set of circumstances." *Id.* at 442. In *Folta*, the court addressed a multicount medical malpractice action in which the claims involved two unrelated injuries which could have been filed as separate actions because the fact patterns of the injuries were different. *Id.* at 441. Joinder was proper

because some of the defendants were common to both injuries.  *Id.*  Notably, the court wrote:

> Although section 57.041 provides for costs to "the party recovering judgment" and section 768.56 [addressing fees and costs in medical malpractice actions] provides for "prevailing party" attorney fees, *we concede that the same principles should be applied under each provision.*

*Id.* at 442 (emphasis added).  In the next paragraph, the court explained that the holding in *Hendry Tractor* was guided by the procedural posture of the case, pointing out that under the modern pleading rules, alternative pleading of causes of action arising out of the same transaction is permitted, which is the reason the court did not follow its prior holding in *Marianna Mfg. Co. v. Boone*, 55 Fla. 289, 45 So. 754 (1908).  *Id.*  Importantly, the court said:

> In *Marianna Mfg. Co.*, we concluded that "[w]here the verdict is in effect for the defendant on any one or more of the counts of a declaration the costs should be taxed as the statute and rules direct."  55 Fla. at 291, 45 So. at 755.

*Id.* (alteration in original).  What is important to note is that *Marianna Mfg. Co.* involved an action alleging two counts for breach of contract concerning two different breaches of contract.  *Marianna Mfg. Co.*, 45 So. at 754.  *Marianna Mfg.* also held that a verdict which was silent as to one count constituted a verdict in favor of the defendant as to that count.  *Id.* at 754-55.

Although there is language in *Folta* suggesting that "the party recovering judgment" and "prevailing party" are equivalent standards, we focus on the language in *Folta* affirming the principle in *Hendry Tractor* that an award of costs (as distinct from fees) should focus on *who obtained a judgment* in multicount actions seeking relief on claims "arising out of a single set of circumstances," and affirming the principle in *Marianna Mfg.* that costs in multicount actions seeking relief on factually distinct and unrelated claims "should be taxed as the statute and rules direct"; in other words, as to which party obtained a judgment as to each separate claim.  *Folta*, 493 So. 2d at 442-43.

The multicount scenario was recently discussed by this Court in *Basso*, where the plaintiff filed suit against the City of Boca Raton for false arrest and false imprisonment.  *Basso*, 242 So. 3d at 1142.  The plaintiff prevailed on the false imprisonment claim and obtained a money judgment

against the city. *Id.* The city prevailed in defense of the false arrest claim. *Id.* Both parties moved for costs. *Id.* at 1143. Despite the damages awarded against it on the false imprisonment claim, the city moved for costs asserting it had prevailed in defense of the false arrest claim. *Id.* The trial court determined that each party was entitled to costs in their entirety with respect to the prevailed upon counts ($2,494.83 to the plaintiff and $8,611.87 to the city), and thus awarded a net cost final judgment in favor of the city in the amount of $6,117.04. *Id.* On appeal, we determined that it was error to deny the plaintiff's motion for costs where she had recovered a money judgment in the suit. *Id.* at 1144. In coming to the conclusion that the plaintiff was entitled to "all of her court costs" and that the trial court erred in holding that the plaintiff must pay the city its court costs, we analyzed section 57.041(1), and applied the supreme court's instruction that:

> "The statute expressly demands that the *party recovering judgment* be awarded costs. This unambiguous language need not be construed." *Hendry Tractor Co. v. Fernandez*, 432 So. 2d 1315, 1316 (Fla. 1983); *see also Weitzer Oak Park Estate, Ltd. v. Petto*, 573 So. 2d 990, 991 (Fla. 3d DCA 1991) (stating that "every party who recovers a judgment in a legal proceeding is entitled as a matter of right to recover lawful court costs, and a trial judge has no discretion to deny costs to the parties recovering judgment").

*Id.* (emphasis added).

Despite our emphasis on the language of section 57.041(1) in *Basso* as setting the "party recovering judgment" standard, it appears we have also subsequently characterized the standard with reference to the "prevailing party." Specifically, after *Basso*, we issued our opinion in *Coconut Key Homeowner's Ass'n v. Gonzalez*, 246 So. 3d 428, 434 (Fla. 4th DCA 2018), in which we said:

> Court costs under section 57.041, Florida Statutes (2008), are also "[]governed by the *'prevailing party'* standard . . . .[]" *Wyatt v. Milner Document Prods., Inc.*, 932 So. 2d 487, 490 (Fla. 4th DCA 2006) (quoting *Spring Lake Imp. Distrib. v. Tyrrell*, 868 So. 2d 656, 658-59 (Fla. 2d DCA 2004)), abrogated on other grounds by *Westgate Miami Beach, Ltd. v. Newport Operating Corp.*, 55 So. 3d 567 (Fla. 2010).

*Id.* (second alteration in original) (emphasis added).

6

As can be seen in the above quote, we cited our prior opinion in *Wyatt*, which quoted the Second District's *Spring Lake* decision for the proposition that costs are governed by the prevailing party standard. Notably, the Second District has receded from *Spring Lake* in an en banc opinion wherein it determined that the plain language of section 57.041(1) and the supreme court's opinion in *Hendry Tractor* indicate that the proper standard for determining entitlement to costs is to the "party recovering judgment," and the standard for costs is not to be confused with the "prevailing party" standard for attorney's fees. *Wolfe v. Culpepper Constructors, Inc.*, 104 So. 3d 1132, 1136-37 (Fla. 2d DCA 2012). The Second District has reaffirmed its holding regarding the "party recovering judgment" standard as the proper standard for awarding costs. *Hawks v. Libit*, 251 So. 3d 321, 324 (Fla. 2d DCA 2018) ("Since *Wolfe* was decided in 2012, this court has applied the 'party recovering judgment' standard— not the 'prevailing party' standard—to costs motions filed pursuant to this section."); *Wanda Dipaola Stephen Rinko Gen. P'ship v. Beach Terrace Ass'n*, 173 So. 3d 1014, 1015 (Fla. 2d DCA 2015).

The First and Third Districts also appear to be aligned with the Second District. *See Bessey v. Difilippo*, 951 So. 2d 992, 997 (Fla. 1st DCA 2007); *Weitzer Oak Park Estate, Ltd. v. Petto*, 573 So. 2d 990, 991 (Fla. 3d DCA 1991). Additionally, we note that in *Basso*, we relied on *Hendry Tractor*, *Wanda*, and *Bessy* in determining that costs should be awarded to the "party recovering judgment."

Finally, to the extent it could be argued that the "party recovering judgment" standard does not apply where claims sound in equity, due to the equity court's traditional discretion to apportion costs, it is relevant to point out that Valerie in this case specifically sought costs pursuant to section 57.041(1). As the Second District recently reasoned in *Hawks*, there does not appear to be authority suggesting that section 57.041(1) should apply differently to equitable claims. *See Hawks*, 251 So. 3d at 324 ("[W]e have been unable to locate, any authority from this court suggesting that section 57.041(1) or the holding in *Wolfe* should apply differently to equitable claims."). Significantly, the language in section 57.041(1) carves out only the following exception to the entitlement to costs:

> (1) The party recovering judgment shall recover all his or her legal costs and charges which shall be included in the judgment; *but this section does not apply to executors or administrators in actions when they are not liable for costs.*

§ 57.041(1), Fla. Stat. (emphasis added). The action below does not involve

executors or administrators, thus the exception does not apply.

Based on the foregoing, although equity courts generally have the discretion to apportion costs, section 57.041(1) mandates costs to Valerie as the party recovering judgment in this action. We reverse the trial court's order as to costs and remand for the trial court to grant the motion to amend or alter the final judgment as to the provision for costs. We recede from the language of any of our prior opinions in which it appears that we have construed the "prevailing party" standard to apply to costs awarded pursuant to section 57.041(1). Under section 57.041(1), costs should be awarded to the "party recovering judgment."

*Reversed and remanded.*

LEVINE, C.J., MAY, DAMOORGIAN, CIKLIN, GERBER, CONNER, FORST, KLINGENSMITH, and KUNTZ, JJ., concur.
CONNER, J., concurs specially with an opinion.
WARNER, J., concurs in part and dissents in part with an opinion, in which GROSS and TAYLOR, JJ. concur.

CONNER, J., concurring specially.

I concur with the majority opinion and its analysis regarding the correct standard to be applied to an award of fees pursuant to section 57.041(1), Florida Statutes (2018). I write to point out that, in my opinion, the attorneys for both parties below led the trial court astray by either failing to discover and alert the trial court or, worse yet, ignoring that the partition statute has a provision addressing costs. Neither party brought to the trial court's attention the provision of section 64.081, Florida Statutes (2018), which states:

> *Every party shall be bound by the judgment to pay a share of the costs*, including attorneys' fees to plaintiff's or defendant's attorneys or to each of them *commensurate with* their services rendered and *of benefit to the partition, to be determined on equitable principles in proportion to the party's interest.* Such judgment is binding on all his or her goods and chattels, lands, or tenements. In case of sale the court may order the costs and fees to be paid or retained out of the moneys arising from the sale and due to the parties who ought to pay the same. All taxes, state, county, and municipal, due thereon at the time of the sale, shall be paid out of the purchase money.

§ 64.081, Fla. Stat. (emphases added). Similarly, on appeal the parties

failed to cite this statute in their briefs.

However, my reading of the transcript reveals the trial judge intuitively understood that partition actions are unique. The case law interpreting section 64.081 makes clear that costs incurred by both parties in partition actions are to be paid in proportion to the party's interest in the property, subject to adjustment based on equitable principles. *See Robinson v. Barr*, 133 So. 3d 599, 600 (Fla. 2d DCA 2014) ("The circumstance that both [parties] prevailed on their claims for partition, but not on their requests for additional relief is not a valid reason to disregard the command of [section 64.081]" to award costs in proportion to the party's interest.); *Diaz v. Sec. Union Title Ins. Co.*, 639 So. 2d 1004, 1006 (Fla. 3d DCA 1994) (awarding attorney's fees for a separate probate proceeding as an award in the partition action because the prior probate proceeding was of benefit to the partition action).

Because section 64.081 applies specifically to partition actions, that was the appropriate statute for the trial court to apply, not section 57.041(1). *See State Farm Mut. Auto. Ins. Co. v. Nichols*, 932 So. 2d 1067, 1073 (Fla. 2006) (noting the "long-recognized principle of statutory construction that where two statutory provisions are in conflict, the specific statute controls over the general statute") (quoting *State v. J.M.*, 824 So. 2d 105, 112 (Fla. 2002)). However, because section 57.041(1) was the only statute argued below and on appeal, I concur with the majority opinion.

WARNER, J., concurring in part and dissenting in part.

While I agree with the construction that the majority opinion places on the language used in section 57.041, Florida Statutes (2018), I concur in the result on different grounds. All three actions upon which the court based its judgment were equitable, and both the Declaratory Judgment Statute and the Partition Statute have their own cost provisions. Florida Supreme Court precedent allows trial courts discretion in allocating costs in equitable actions. While the trial court had discretion in allocating costs, I would conclude that it abused its discretion by denying costs without determining what those costs were and how that would affect the equitable rights of the parties.

As noted in the majority, all of the causes of action asserted by Valerie were equitable in nature. As to the Declaratory Judgment action, section 86.081, Florida Statutes (2018) provides that "The court may award costs as are equitable." As to the partition action, as noted in Judge Conner's concurring opinion, section 64.081, Florida Statutes (2018) requires that

9

each party pay a proportionate share of costs as is equitable. Thus, those two causes of action had specific cost allocation statutes applying equitable considerations.

The remaining equitable action of reformation does not have a specific statute governing cost allocation, but the supreme court has never receded from cases which provide for discretion in the taxing of costs in equitable actions: "The general rule is that costs follow the results of the litigation *but in equity this rule may be departed from according to the circumstances.*" *Schwartz v. Zaconick,* 74 So. 2d 108 (Fla. 1954) (emphasis added). This rule has been in effect for over 150 years, as it appears to be first announced in *Lewis v. Yale,* 4 Fla. 441 (1852). Likewise, the statute in question, section 57.041, has been in existence since 1828, with basically the same language. *See* Act Nov. 23, 1828, § 71.

The majority relies on *Hendry Tractor Co. v. Fernandez,* 432 So. 2d 1315, 1316 (Fla. 1983), to explain the meaning of "party recovering a judgment," but it fails to address *Hendry's* qualification to the application of the statute. The *Hendry* court noted: "As a general rule costs follow the outcome of the litigation and *we are not here confronted with a situation warranting departure from such principle." Id.* (citing *Schwartz v. Zaconick,* 74 So. 2d 108 (Fla.1954)) (emphasis added). I can only surmise by the citation to *Schwartz* that the supreme court did not intend to recede from its rulings that allow the trial court discretion in taxing costs in equitable actions. As the supreme court explained in *Puryear v. State,* 810 So. 2d 901, 905 (Fla. 2002),

> [T]his Court does not intentionally overrule itself sub silentio. Where a court encounters an express holding from this Court on a specific issue and a subsequent contrary dicta statement on the same specific issue, the court is to apply our express holding in the former decision until such time as this Court recedes from the express holding.

Therefore, I conclude that, having failed to recede from its express holding that trial courts have discretion in the allocation of costs in equity cases, the trial court did not err by refusing to apply section 57.041 without regard to equitable circumstances. In *Hawks v. Libit,* 251 So. 3d 321, 324 (Fla. 2d DCA 2018), the Second District noted that the court was "unable to locate, any authority from this court suggesting that section 57.041(1) or the holding in *Wolfe* [*v. Culpepper Constructors, Inc.,* 104 So. 3d 1132 (Fla. 2d DCA 2012)] should apply differently to equitable claims." Although there may be no Second District authority, as noted above, there is ample supreme court precedent which would suggest otherwise. The majority

10

opinion agrees with *Hawks* as to the application of the statute to cases in equity. If my view of *Hendry* and prior supreme court case law on the subject is correct, then both the majority opinion and *Hawks* conflict with supreme court precedent.

However, the trial court did not act within its discretion by requiring each party to bear his or her own costs without any evidence of the extent of the costs of each party. The court cannot act equitably without such information. Therefore, I agree that the court erred in denying the motion to amend to correct the final judgment by deleting that provision.

Once that provision is removed from the final judgment, then the court can consider appellant's motion on the merits. Because I would hold that the court has discretion in its allocation of costs, I would not mandate that the court approve all taxable costs. The appellee should be entitled to oppose the motion by arguing that the court should consider equitable principles in determining what and how much to award to appellant in these proceedings. Both the specific statutes governing declaratory judgments and partition actions, as well as supreme court precedent governing other equitable actions, permit the trial court to exercise such discretion.

*         *         *

***Not final until disposition of timely filed motion for rehearing.***