DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**CRISTINA VERGNE,**
Appellant,

v.

**JASON GLIDEWELL,**
Appellee.

No. 4D19-444

[November 13, 2019]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Cymonie S. Rowe, Judge; L.T. Case No. 50-2018-CA-003080-XXXX-MB.

Samuel A. Walker and Tee Persad of CPLS, P.A., Orlando, for appellant.

No appearance for appellee.

LEVINE, C.J.

In a final judgment of dissolution of marriage, the trial court allocated the marital home to both parties pursuant to their marital settlement agreement. The parties continued to live together on the property until the wife had the husband leave the home. As a result, the husband then moved to partition the property. At trial, the parties agreed to partition the home. The trial court awarded each party a 50% interest in the proceeds from the sale of the marital home. Following a motion by the husband, the trial court ordered the wife to pay 100% of the $9,232.35 in attorney's fees and costs incurred by the husband in the partition action. The wife appealed this order.

Section 64.081, Florida Statutes, instructs that in partition actions:

> Every party shall be bound by the judgment to pay a share of the costs, including attorneys' fees to plaintiff's or defendant's attorneys or to each of them commensurate with their services rendered and of benefit to the partition, to be determined on equitable principles in **proportion to the party's interest**.

(emphasis added).

The trial court erred in ordering the wife to pay 100% of the husband's attorney's fees and costs incurred in the partition action. Pursuant to this statute, the wife should be responsible for attorney's fees and costs in an amount proportional to her interest in the case. Because the wife owns a 50% interest in the home, she should be required to pay only 50% of the husband's attorney's fees and costs incurred in partitioning the property. *See Sherman v. Sherman*, 44 Fla. L. Weekly D2391 (Fla. 4th DCA Sept. 25, 2019) (Conner, J., concurring) ("The case law interpreting section 64.081 makes clear that costs incurred by both parties in partition actions are to be paid in proportion to the party's interest in the property, subject to adjustment based on equitable principles."); *see also Diaz v. Sec. Union Title Ins. Co.*, 639 So. 2d 1004, 1006 (Fla. 3d DCA 1994); *Adler v. Schekter*, 197 So. 2d 46, 50 (Fla. 3d DCA 1967). Although the statute notes that equitable principles also govern, the trial court failed to give any reasons for directing the wife to pay more than 50% of the attorney's fees and costs.

Based on the plain language of section 64.081, we reverse and remand for the trial court to enter an order directing the wife to pay 50% of the husband's attorney's fees and costs.

*Reversed and remanded with instructions.*

CONNER and KUNTZ, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**