# Third District Court of Appeal

## State of Florida

Opinion filed March 20, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-1095
Lower Tribunal No. 19-13245
_____

**Megan Cauble**,
Appellant,

vs.

**Gregory Kaczmarski**,
Appellee.

An appeal from a non-final order from the Circuit Court for Miami-Dade County, Beatrice Butchko, Judge.

Warren Gammill & Associates, P.L., and Warren P. Gammill, for appellant.

Sackrin & Tolchinsky, P.A., and Alan D. Sackrin (Hallandale Beach), for appellee.

Before LOGUE, C.J., and FERNANDEZ, and MILLER, JJ.

MILLER, J.

Appellant, Megan Cauble, appeals from a nonfinal order authorizing the disbursement of certain proceeds derived from two private partition sales to appellee, Gregory Kaczmarski.[1]  On appeal, Cauble cites the decision by our sister court in <u>Robinson v. Barr</u>, 133 So. 3d 599, 600 (Fla. 2d DCA 2014), for the proposition that disbursement was premature because the trial court has yet to reduce her outstanding request for attorney's fees to judgment. Observing that the court was not statutorily obligated to "order the costs and fees to be paid or retained out of the moneys arising from the sale," we affirm. § 64.081, Fla. Stat. (2023).

## BACKGROUND

Cauble and Kaczmarski were once intimately involved.  After their relationship deteriorated, Cauble sought to partition two condominium units, one located in Sunny Isles Beach, and the other in Miami Beach. Kaczmarski did not defend against the action.

Cauble successfully moved for summary judgment.  The summary judgment order provided: "Cauble is awarded her reasonable attorney's fees and costs incurred in this action.  They shall be paid from the net proceeds of the private sale prior to dividing those proceeds between the parties."

---

[1] We have jurisdiction.  <u>See</u> Fla. R. App. P. 9.130(a)(3)(C)(ii).

Cauble privately sold the properties within a week through a realtor friend. As would be reasonably anticipated, the sales generated little profit. The parties litigated entitlement to the proceeds, and the trial court entered a judgment with a caveat that "none of the proceeds may be distributed to the parties or their counsel until further order of the court or upon written agreement of counsel as the attorney's fee issue remains pending."

Before a fee hearing occurred, Kaczmarski filed a motion to authorize disbursement of the proceeds. Cauble objected, and the court entered an order granting the motion, in part. The net effect of the order was to retain the estimated amount of fees due to Cauble in trust while allowing Kaczmarski to receive his remaining share. The instant appeal ensued.[2]

## STANDARD OF REVIEW

"[S]tatutory interpretation is a question of law subject to de novo review." GTC, Inc. v. Edgar, 967 So. 2d 781, 785 (Fla. 2007).

## ANALYSIS

In Florida, partition is a statutory remedy controlled by chapter 64, Florida Statutes. See Garcia-Tunon v. Garcia-Tunon, 472 So. 2d 1378, 1379 (Fla. 2d DCA 1985). As relevant to this appeal, section 64.081, Florida Statutes, provides:

---

[2] A panel of this court previously denied a stay request.

3

> Every party shall be bound by the judgment to pay a share of the costs, including attorneys' fees to plaintiff's or defendant's attorneys or to each of them commensurate with their services rendered and of benefit to the partition, to be determined on equitable principles in proportion to the party's interest.

The statute further provides that "the court *may* order the costs and fees to be paid or retained out of the moneys arising from the sale." § 64.081, Fla. Stat. (emphasis added).

Although the statute references a single judgment, it is well-settled that the word "may" is permissive. See Sloban v. Fla. Bd. of Pharmacy, 982 So. 2d 26, 33 (Fla. 1st DCA 2008) ("Under the plain meaning rule, 'may' denotes a permissive term . . . ."); Progressive Select Ins. Co. v. Fla. Hosp. Med. Ctr., 236 So. 3d 1183, 1187 (Fla. 5th DCA 2018) ("The word 'may' when given its ordinary meaning denotes a permissive term rather than the mandatory connotation of the word 'shall.'") (internal quotation marks omitted) (quoting Fla. Bar v. Trazenfeld, 833 So. 2d 734, 738 (Fla. 2002); Est. of Johnson ex rel. Johnson v. Badger Acquisition of Tampa LLC, 983 So. 2d 1175, 1181 n.3 (Fla. 2d DCA 2008) ("When interpreting a statute, 'shall' is generally read as being mandatory while 'may' suggests a permissive term."). Hence, a plain reading of the statute does not suggest that the court is mandated to apply sale proceeds to a fee award.

Cauble's reliance upon Robinson for a contrary conclusion is unavailing. At issue in Robinson was a trial court order denying entitlement to attorney's fees and concomitantly disbursing the sale proceeds proportionally to the parties. The Second District Court of Appeal concluded that, in ordering partition, the trial court was obliged to award fees incurred "of benefit to the partition." Robinson, 133 So. 3d at 600. Consistent with the statutory scheme, the Robinson court reversed and remanded with instructions to the trial court to award fees and make any modifications to the disbursement order "as may be appropriate." Id.

Unlike in Robinson, here, the trial court granted entitlement to fees and ordered a holdback for the estimated amount. Accordingly, neither Robinson nor the statute provide a basis for reversal, and we affirm the order under review.

Affirmed.