# Third District Court of Appeal
## State of Florida

Opinion filed May 27, 2026.

_____

No. 3D25-1520
Lower Tribunal No. 23-505-CA-01
_____

**Lynn Wolland,**
Appellant,

vs.

**Frank Wolland,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Mavel Ruiz, Judge.

Lowy and Cook, P.A., and Jonathan Smulevich and Leah Rose, for appellant.

Law Offices of Mark Wolin, and Mark Wolin, for appellee.

Before FERNANDEZ, MILLER and LOBREE, JJ.

ON MOTION FOR REHEARING

LOBREE, J.

We deny Appellee's motion for rehearing, but withdraw our previous opinion and substitute the following opinion in its stead.

Lynn Wolland, the defendant in an action brought by Frank Wolland seeking partition of a jewelry collection, appeals from a final judgment apportioning solely to her the responsibility for payment of attorney's fees to Frank's attorney. Although the trial court acted entirely within its discretion under section 64.081, Florida Statutes (2023), in determining that Frank's attorney rendered services of benefit to the partition and was therefore entitled to attorney's fees, we reverse because under section 64.081, the trial court lacked the commensurate discretion to assign liability for those attorney's fees only to Lynn. See § 64.081, Fla. Stat. (2023) ("Every party shall be bound by the judgment to pay a share of the costs, including attorneys' fees to plaintiff's or defendant's attorneys or to each of them commensurate with their services rendered and of benefit to the partition, to be determined on equitable principles in proportion to the party's interest."); see also Diaz v. Sec. Union Title Ins. Co., 639 So. 2d 1004, 1006 (Fla. 3d DCA 1994) ("[A]ttorneys' fees in a partition action are to be paid 'in proportion to [the party's] interest.' As cotenants, Diaz and the estate each possess one-half interest in the property and are therefore each liable for one-half of the attorneys' fees awarded." (quoting § 64.081 Fla. Stat. (1993))); Adler v.

2

Schekter, 197 So. 2d 46, 50 (Fla. 3d DCA 1967) ("The burden of [attorney's fees in a partition suit], however, is to be borne by the parties in proportion to their interests . . . ."). Accordingly, we reverse the final judgment for attorney's fees and costs and remand with directions to apportion Frank's attorney's fees and costs between the parties in accordance with each party's proportional interest in the partitioned property.[1]

Reversed and remanded with directions.

---

[1] We do not reach the issue of whether the trial court erred in failing to set forth in its final judgment findings required under Florida Patient's Compensation Fund v. Rowe, 472 So. 2d 1145, 1151 (Fla. 1985), as Lynn waived any claim of error by not raising the issue in her rehearing motion below. See Fla. R. Civ. P. 1.530(a) ("To preserve for appeal a challenge to the failure of the trial court to make required findings of fact in the final judgment, a party must raise that issue in a motion for rehearing under this rule."); Jones v. Bank of Am., N.A., 401 So. 3d 334, 337 (Fla. 4th DCA 2024) (holding that under rule 1.530(a) argument that trial court failed to make required Rowe findings was not preserved for review where appellant "did not move for rehearing and point out the deficiency in the trial court's findings of fact"); Platt v. Cape Marine Servs., Inc., 422 So. 3d 654, 656 (Fla. 5th DCA 2025) (same).